JACOBA VANDERGAZELLE v. ALEXANDER RODGERS AND
ALEXANDER RODGERS, JR.

*Special bail—Notice and demand before suit on judgment.*

1. Eight months' delay in issuing execution on a judgment does not release the judgment debtor's special bail unless it has done them some special injury.

2. Special bail are not entitled to notice of a judgment against their principal, or to a demand thereunder, before being sued on it.

Error to Muskegon.   (Russell, J.)   May 1.—June 3.

DEBT.   Plaintiff brings error.   Reversed.

*Clink, Jones & Price* for appellant.

*Chamberlain & Traphagen* for appellees.   Special bail
are discharged by anything that affects in any manner the
nature and extent of their contract in such manner as might
by any reasonable probability increase their risk or liability:
*Campau v. Seeley* 30 Mich. 57; *Fish v. Barbour* 43 Mich.
19; *Bosman v. Akeley* 39 Mich. 710; *Rathbone v. Warren*
10 Johns. 587.

SHERWOOD, J.   The plaintiff brought an action on the case
against George Cooper in the circuit court for the county of
Muskegon, laying her damages.   The suit was commenced
by capias, and the defendants, on the 28th day of August,
became special bail for Cooper to pay such sum as might be
awarded against him in the suit, or that he should surrender
himself on execution in case of default in payment.   At the
April term of court judgment was rendered against Cooper
for the sum of $573.50.   On the 21st day of November, 1883,
a fi. fa. was issued upon the judgment against Cooper, re-
turnable the 12th day of December following, and was re-
turned nulla bona on the 14th day of December thereafter.
On the 19th day of December, 1883, a ca. sa. was issued
against Cooper and delivered to the sheriff of Muskegon
county, returnable January 8, 1884, at which time the sheriff
made return thereof non est inventus.   After these proceed-
ings the said Cooper, failing to pay the judgment, or surren-
der himself, or be surrendered by his bail, the plaintiff brought
this suit against the defendants, who were Cooper's sureties.

The declaration sets forth the above facts, and claims the
right to recover the amount of the judgment obtained against
Cooper, viz., $573.50.   To which declaration the defendant
interposed a special demurrer, assigning eight causes, as fol-
lows:  "*First*, it is not stated and shown in and by said dec-
laration that the said defendants had notice of the rendition
of said judgment; or *second*, that said defendants had any

notice of the issuing or return of said execution against the goods and chattels, and for want thereof against the lands and tenements, of the said Cooper; *third*, that said defendants had any notice of the issuing or return of said execution against the body of said Cooper; *fourth*, it is not in and by said declaration alleged, stated, or shown that the said execution against the goods and chattels, etc., was issued within a reasonable time after the rendition of said judgment; or *fifth*, that said execution against the body of said Cooper was issued within a reasonable time after the rendition of said judgment against said Cooper; or *sixth*, it is not shown in and by said declaration that the said plaintiff, or her attorney, used due diligence to recover the amount of the said judgment of or from said Cooper; or *seventh*, to take the body of said Cooper in execution; *eighth*, it is not shown in and by said declaration that the said plaintiff, or her attorney, ever made any demand upon the said defendants, or either of them, for any sum of money sought to be recovered in this suit before said declaration was filed."

The demurrer was argued before Judge Russell, who sustained the demurrer principally upon the ground "that the plaintiff's declaration does not well and sufficiently state the reason for the delay in issuing execution, and the diligence used by the plaintiff with reference to the collection of his execution."

The record shows that about seven months elapsed after the rendition of the judgment before the fi. fa. was issued. The delay is unexplained, and is claimed by defendant's counsel as showing such a degree of negligence as to prevent the plaintiff's right to recover. We do not agree with counsel upon this point. We do not think, as a matter of law, we can say a delay of eight months, in the absence of any showing that the defendants on that account have been specially injured thereby, is sufficient to defeat the plaintiff's cause of action. There is no statute attaching such consequences to the delay, and we know of no practice requiring it.

The declaration shows the proper executions issued and returned, and in the order required by statute, precedent to the

bringing of plaintiff's action in this case. It was not neces-
sary for the plaintiff to give the defendants any special notice
of the judgment rendered against Cooper, nor of the issuing
and return of the execution upon the same, before bringing
this suit. When they became his bail, they had notice of the
pendency of the suit and the extent of the liability they as-
sumed, and they were required to take notice after that at
their peril of the arrival of the contingency when the plaint-
iff's right accrued to enforce the liability against them. No
demand was required to be made by the plaintiff, her agents
or attorneys, upon the defendants for the satisfaction of her
claim before bringing her suit therefor against them. If the
defendants wished to avoid suit by payment, it was their duty
to discharge their obligation as soon as the plaintiff's right of
action accrued thereon, and no demand was necessary.

The judgment at the circuit must be reversed, the demur-
rer overruled, and the defendants allowed the usual time for
pleading. The record will be remanded, and the plaintiff
allowed her costs.

The other Justices concurred.