145      19
s155   1    2

HOOCK *v.* SLOMAN.

1. EQUITY — CHANCERY PRACTICE — WITNESSES — EXAMINATION IN
OPEN COURT—NOTICE—NECESSITY.

Under section 10188, 3 Comp. Laws, notice to take proofs in
open court in chancery cases in Wayne county is necessary;
section 1 of Act No. 31, Pub. Acts 1903, dispensing with
notices of trial in that county having no application to the
matter of taking proofs.

2. SAME—STATUTES—APPLICATION.

Section 491, 1 Comp. Laws, refers to cases in proceedings
against absent, concealed, or nonresident defendants, and
cannot be construed to authorize taking proofs in open court
without notice in a foreclosure suit where defendant is in
court.

3. SAME—ANSWER—DENIAL—NECESSITY.

Where the answer to a foreclosure bill neither admits nor denies
the allegations of the bill, but leaves the complainant to his
proofs, and does not aver want of sufficient knowledge to
form a belief, the averments of the bill as to the amount due
on the debt are admitted, and complainant is entitled to a
decree for that amount, with interest, without proofs; but
sums paid in taxes after the filing of the bill require proof to
support their allowance in the decree.

Appeal from Wayne; Brooke, J.   Submitted January
30, 1906.   (Docket No. 70.)   Decided July 9, 1906.

Bill by Henry Hoock against Adolph Sloman and Lot-
tie T. Sloman for the foreclosure of a mortgage.   From a
decree for complainant, defendants appeal.   Affirmed in
part, and remanded.

*Jay Fuller*, for complainant.

*A. C. Patterson* (*Sloman & Sloman*, of counsel), for
defendants.

McALVAY, J.   Complainant filed his bill for the fore-
closure of a mortgage given by defendants upon certain
real estate situated in Wayne county.   Defendants filed a

joint and several answer, neither admitting nor denying the allegations of the bill of complaint, but leaving complainant to his proofs. To this answer a replication was filed. No notice was given under the statute for an examination of witnesses in open court. The cause came on to be heard March 5, 1904. The proofs were taken in open court, defendants objecting thereto on the grounds that the case stood for hearing on pleadings alone, as no demand for an examination of witnesses in open court had been made or filed therein. The court overruled the objection, and proceeded to hear the case. The mortgage and note were introduced in evidence, and the solicitor for complainant was sworn and testified as to the balance due on the same, and as to State, county, and village taxes assessed against the mortgaged premises and paid by complainant, showing a balance of $21,071.87 due complainant on the note and mortgage, with interest thereon, including taxes paid and interest. A decree was granted for this amount.

Defendants upon their appeal to this court raise but one question:

"Did the court have authority to hear this case on proofs taken in open court, when no demand had been made for such an examination of witnesses in open court in accordance with the statute?"

The statute upon which defendants rely reads as follows:

"Either party to a cause in chancery shall have a right to an examination of all the witnesses in open court, as in a suit at law if within ten days after the cause is at issue he gives notice in writing to the opposite party of his intention to claim such right, in which case no examination of witnesses shall be had before a circuit court commissioner; but the cause shall be heard in its course on the calendar by examination of witnesses in open court, unless the court, on cause shown, otherwise direct." Section 10188, 3 Comp. Laws.

It is claimed by complainant that no notice is necessary under this statute in Wayne county in order to examine

witnesses in chancery cases in open court by reason of Act No. 31, Pub. Acts 1903, regulating the practice in said county, and bases such claim upon section 1 of said act:

"Hereafter whenever a cause shall be at issue in the circuit court for the county of Wayne either at law or in chancery, either party or the attorney or solicitor for either party, may request the clerk of the said court to place the same upon a list to be by him prepared, of causes ready for trial, and said cause shall then be in condition, after the lapse of one week, to be tried as the judges of said court may from time to time direct."

To hold with complainant in this contention it will be necessary to find that actually or by implication the general statute providing how the right to examine witnesses in open court in chancery cases may be obtained has been repealed by the above section of the act quoted. We do not so construe it, and find nothing in the act indicating an intention of relieving a party desiring to examine witnesses in open court as in a suit at law from giving the other party notice of his intention to claim his statutory right. This right is one which had been created by the statute and the provisions of the statute must be complied with. Chancery Rule 14, subd. *b*, provides as to the notice of trial and hearing in case either party shall elect to have the testimony taken in open court under the statute. Chancery Rule 14, subd. *c*, provides:

"If neither party so elects the testimony shall without further order be taken before a circuit court commissioner."

As to the notice of trial and hearing provided for in subdivision *b*, Act No. 31, Pub. Acts 1903, will control; but as to taking proofs the statute is in force.

Complainant also insists that the court, under section 491, 1 Comp. Laws, had the right to examine complainant or his solicitor in open court as to payments made that should be credited defendants, or refer the case to a master to take such proofs. The section cited refers to cases in proceedings against absent, concealed, or nonresident defendants, and is not applicable to this case.

It is appreciated by the court that defendants' case presents no equity, and is purely technical. Chancery Rule 10, subd. *d*, provides: .

"Every answer shall contain an explicit *admission or denial of each allegation in the bill of complaint* as to which the defendant has knowledge or belief. But as to matters charged in the bill as to which the defendant avers he has no knowledge sufficient to form a belief he shall not be required to admit or deny the same, but shall state his want of such knowledge. And every material allegation in the bill to which the defendant *shall not make answer shall be taken as admitted by the defendant.*"

Construing defendants' answer according to this rule, it must be taken as an admission of every material allegation in the bill of complaint. There is no explicit admission or denial of any allegation of the bill. There is no statement of want of knowledge as to matters charged in the bill. The answer was in fact a confession that the amount of $20,021.22 as set forth in the bill of complaint was due and unpaid. The only proof taken was a computation of the amount of the principal and interest due to the date of decree, and of taxes paid by complainant, with interest thereon. The computation of the amount due upon the note and the mortgage could have been made by the court. As to the taxes paid it was necessary to take proofs. The amount was paid after the filing of the bill of complaint, and consequently was not included in the admissions of defendants, and we think would come within the statute requiring notice, if proof thereof was to be taken in open court.

The decree of the circuit court is affirmed as to the amount of principal and interest due upon the note and mortgage, and the cause is remanded, with permission to complainant to take proofs before a commissioner as to the amount of taxes with interest thereon paid by complainant, according to the rule in such case provided. No costs are awarded in this court.

GRANT, OSTRANDER, HOOKER, and MOORE, JJ., concurred.