## WOOSTER *v.* CALHOUN CIRCUIT JUDGE.

1. MANDAMUS—PROPRIETY—DISCRETIONARY WRIT—FURTHERANCE OF JUSTICE.

    The writ of mandamus is a discretionary writ and will not be issued when inconsistent with justice

2. RECEIVERS—BONDS—PREMIUM—PAYMENT BY CREDITOR—DISCRETION.

    Where a receiver recovered judgment against relator notwithstanding her claim of set-off, and she delayed applying for a new trial until the time for taking out a writ of error had expired, and after a new trial was granted delayed bringing it on, there was no abuse of discretion in granting the petition of the receiver for his discharge and the satisfaction of his bond unless relator should pay the premium for the extension of the bond made necessary by her delay.

3. MANDAMUS—PROPRIETY—REMEDY BY APPEAL.

    An order discharging a receiver and satisfying his bond, if effective to deprive a creditor of an action on the bond in the event of her obtaining a judgment against the receiver, can be reviewed upon appeal, whence mandamus will not lie to have it set aside.

Mandamus by Lizzie E. Wooster to compel Walter H. North, circuit judge of Calhoun county, to vacate an order discharging a receiver. Submitted July 16, 1907. (Calendar No. 22,350.) Writ denied December 10, 1907.

*R. J. Kelley*, for relator.

*W. S. Powers* and *Jesse Arthur*, for respondent.

BLAIR, J. Relator asks for the writ of mandamus to require respondent to set aside a conditional order made upon the petition of one Irwin H. Evans, receiver of the Seventh Day Adventist Publishing Association, praying for his discharge and the release of the sureties on his bond.

The corporation having, on March 1, 1904, applied for a voluntary dissolution, in accordance with the provisions of chapter 300 of the Compiled Laws of 1897, an order was made by the court, on July 12, 1904, dissolving the corporation and appointing said Evans receiver of its business, property, and effects for the purpose of winding up its affairs. On the 25th of November, 1904, an order was duly made, directing the receiver to sell all of the said business, property, and effects, and, in pursuance thereof, sale was so made on January 12, 1905, to the Review and Herald Publishing Association, a corporation of the District of Columbia, which sale was regularly confirmed by the court on February 13, 1905.

On the 12th day of April, 1904, the Seventh Day Adventist Publishing Association commenced an action in assumpsit against the above-named relator and later filed its declaration and a bill of particulars of its claim. Relator filed a plea of the general issue with notice of set-off and recoupment, claiming several thousand dollars in excess of the amounts claimed in plaintiff's bill of particulars. The suit was tried on the 12th day of July, 1905, and resulted in the direction of a verdict for plaintiff, upon which judgment was entered for $2,121.48.

On the 21st day of December, 1905, the receiver executed and delivered to the said Review and Herald Publishing Association a written assignment of the said judgment against relator, which was filed in the case on December 28, 1905. On the 11th day of June, 1906, relator filed a motion for a new trial, which was brought on for hearing before respondent on July 13, 1906. Respondent, treating said motion as an application for leave to file a motion for a new trial, entered an order granting such leave and requiring relator to give notice thereof to said Review and Herald Publishing Association. In accordance with such order, motion for a new trial was filed on July 17, 1906, and notice given as required, and thereafter, and on December 4, 1906, an order was entered

granting a new trial, upon certain conditions, all of which have been complied with.

Prior to the filing of the motion for a new trial, the receiver had disbursed and paid over to those entitled thereto all of the proceeds of the sale, except $250 retained by him to meet the expenses of his application for a discharge. On March 19, 1907, said receiver filed his petition praying for his discharge and the satisfaction of his bond. Relator filed objections to and contested the right to a discharge, and complains of that portion of the order entered by the court which requires her to pay the premium for the extension of the receiver's bond. The order complained of contains, among other things, the following:

"Much leniency has already been shown the defendant, Lizzie Wooster, in granting a new trial of the suit at law, and she has had time since the granting of such new trial to have had the matter disposed of in court but has not done so. I am of the opinion that if she wishes the receivership continued, she should assume at least a part of the burden; and that if the expense of securing an extension of the bond is to be incurred, she should bear the same.

"It is, therefore, ordered that said Lizzie Wooster, within thirty days from the date of this order, pay to the receiver or to his attorney, for the purpose of extending the bond, or pay into this court for the use of the receiver for that purpose a sum of money sufficient to pay the premium on the renewal of the receiver's bond for one year; and in event of her so doing, the prayer of the petition will be denied, otherwise, the prayer of the petition will be granted and an order entered accordingly."

It is evident, as remarked by the circuit judge, that much leniency has been shown the defendant. The motion for a new trial was not made until the time for taking out a writ of error had expired, and the right to make the motion at all depended upon the discretion of the court. The court regarded the necessity for paying an additional annual premium to extend the surety company bond given by the receiver as having been caused by the delay of the relator, rendering it just that relator should

bear the expense occasioned by her laches. The writ of mandamus is a discretionary writ and will not be issued when inconsistent with justice. *McRae* v. *Auditor General*, 146 Mich. 594. We do not think that the provision of the order requiring relator to pay the annual premium was such an abuse of discretion as to require the granting of the writ.

Furthermore, section 10890, 3 Comp. Laws, provides for an appeal to this court by any person "aggrieved by any decree or final order of any circuit court in chancery in any proceedings mentioned in this chapter." If, as contended by relator, the discharge of the receiver as prayed for would prevent an action on the bond in the event of her obtaining a judgment in the suit at law, the order could be reviewed upon appeal.

The writ is denied, with costs.

OSTRANDER, HOOKER, and MOORE, JJ., concurred. MONTGOMERY, J., concurred in the result.