CITY OF DETROIT *v.* WEBER.

1. TAXATION—SPECIAL ASSESSMENTS—MUNICIPAL CORPORATIONS—DEFECTIVE PROCEEDINGS.

A special assessment of a paving tax, made under a local act which authorized the common council to provide by ordinance for a time when the four installments intended by the statute to be collected should be paid, in the absence of an ordinance determining such time for payment, is invalid and a sale for the tax is void.

2. MUNICIPAL CORPORATIONS — ORDINANCES — RETROSPECTIVE ACTION.

Such assessment is not authorized or affected by a subsequent ordinance which provided for the time of paying the respective installments, but that did not expressly include the previous assessment.

Error to Wayne; Mandell, J. Submitted October 14, 1909. (Docket No. 85.) Decided November 5, 1909.

Ejectment by the city of Detroit against Joseph L. Weber and others. A judgment for defendants on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Walter Barlow* (*P. J. M. Hally*, of counsel), for appellant.

*Jasper C. Gates*, for appellees.

McALVAY, J. This is an action of ejectment, brought by plaintiff to obtain possession of certain premises within said city, claiming title and right thereto by virtue of the sale of said premises for the nonpayment of parts 3 and 4 of the special taxes assessed against said lands for the paving of Myrtle street in said city of Detroit, in the year 1887. Defendants attacked the validity of said tax sale, contending that the proceedings taken in relation to said paving assessment, and the sale made thereunder, were illegal and void. The evidence in the case consisted entirely of the records and proceedings of plaintiff, had in regard to said special tax assessment and sale. At the close of the case plaintiff made a motion for a directed verdict, which was denied. On behalf of defendants a like motion was made and granted. Judgment in favor of defendants was duly entered upon such verdict. Plaintiff has assigned error upon the grounds that the court should have granted its motion, and denied the motion of defendants. Many important legal questions which arose upon the trial are discussed in the brief for defendants. We think it necessary to consider at this time only the question which the court held was decisive of the case, namely, whether, under the proceedings had by the plaintiff, the sale of the premises for parts 3 and 4 of this special assessment was a valid sale.

It is claimed by plaintiff that this assessment roll was prepared under the provisions of Act No. 489, Local Acts 1887, approved June 2, 1887, providing that the assessment roll in case of special paving assessments shall be

made in four parts. This act was amendatory of the charter of Detroit enacted in 1883, and added four new sections thereto, of which section 44 contained the only provision in the charter at the time authorizing such an assessment roll to be made in four parts, and that provision was mandatory. This section, however, was not self-executing. It required action on the part of the common council, as will appear from the section, which reads as follows:

"SECTION 44. The assessment roll provided for in section thirty-seven (37) of this chapter shall be made by the assessor in four parts: *Provided,* Any person so electing may have all assessments for street pavements made against the property assessed, payable on the first assessment, each part to contain a list of the lots or parcels mentioned in said section, with the names of the owners or occupants of each lot or parcel, and three-quarters of the cost and expense of the work assessed upon each lot or parcel. Such parts of the assessment roll shall be numbered one (1), two (2), three (3) and four (4) respectively. The common council may provide that the portions of the assessment on each lot or parcel mentioned in the several parts of the assessment rolls shall be collected in such manner as shall be authorized by law and at such time as the common council may by ordinance provide."

The language of portions of this section is obscure. It probably intended to provide for the payment of such assessments in four equal installments, but fixes no time when the first or any of the remaining parts shall be collected. This act was given immediate effect, and was in force at the time of the assessment of the tax in dispute, which was finally confirmed September 2, 1887. The common council, after section 44 was enacted, undertook to make the provisions relative to the time and manner of collecting the taxes assessed in the assessment rolls, provided for in such section by ordinance, which appears in the council proceedings of August 16, 1887. When the ordinance was finally enacted is only shown in this record by an ordinance which amended it, and which in its entitling gives the date of approval as September 12, 1887. This amending ordinance was approved April 16, 1888. It is not

necessary to quote this ordinance as originally enacted, or as amended. It was not enacted until after the confirmation of the rolls in question in this case, and no provision was made in it, or in the charter as amended, to include in the sales of property for such assessments, taxes which had been theretofore assessed, so that none of such provisions would apply to these taxes. There was no law applicable to sales for these taxes at the time, except that which required a single sale for the whole assessment.

There can be no question from the proceedings had in giving the notice, and all other steps up to the sale made to plaintiff, as shown by the record, that an attempt was made to comply with the requirements of the ordinance first above mentioned. The trial court so understood, and so held in his decision of the case, and considered that the first ordinance was in full force. It is not necessary to give the reasoning of the court in construing that ordinance. It is sufficient to say that, if the ordinance was in force, the conclusion of the court was correct, and his conclusion was the proper one in any event, although based upon a wrong reason.

We have concluded, after a careful examination and a comparison of the dates in the record, that this ordinance was not in force, as already stated. It follows that no valid sale was made, and that plaintiff acquired no rights under it. It is therefore not necessary to discuss the question of the statute of limitations.

The judgment is affirmed.

BLAIR, C. J., and GRANT, MOORE, and BROOKE, JJ., concurred.