WEBER *v.* WAYNE CIRCUIT JUDGE.

1. COSTS—TRIAL FEE—CONSOLIDATION OF CAUSES—MANDAMUS.
   But one trial fee is allowable in two actions of ejectment tried together, under stipulation.

2. SAME—TERM FEES—PRACTICE IN WAYNE COUNTY.
   The practice authorized and adopted in Wayne county under Act No. 31, Pub. Acts 1903, is inconsistent with 3 Comp. Laws, § 11254, so that term fees are not taxable.

Mandamus by Joseph F. Weber to compel Henry A. Mandell, circuit judge of Wayne county, to vacate an order disallowing certain items in a taxed bill of costs. Submitted January 20, 1910. (Calendar No. 23,733.) Writ denied July 14, 1910.

*Jasper C. Gates*, for relator.

*Walter Barlow* (*P. J. M. Hally*, of counsel), for respondent.

BLAIR, J. This is an application for a writ of mandamus to require the respondent to restore to relator's proposed bill of costs, and allow, the following items, disallowed by respondent in taxing relator's costs, viz.:

"For trial of issues of fact, $15; for term fees (case on calendar but not reached or postponed), viz.: January term, 1908, $5; April term, 1908, $5; September term, 1908, $5."

Two cases in ejectment were pending in the Wayne circuit, in both of which the city of Detroit was plaintiff. In one of the cases the relator was the sole defendant; in the other, the relator, August Tank, and Mary Grandt were defendants.

The sixth paragraph of the respondent's return shows that both of these cases—

" Involved the same issue, viz. : The validity of a certain tax sale for the collection of special assessments for paving Myrtle street in the city of Detroit, and were tried together before this respondent and a jury as one suit, and that a stipulation was filed in *City of Detroit* v. *Weber*, that said cause should abide by the decision of the Supreme Court in the case of *City of Detroit* v. *Weber, Tank*, and *Grandt*, decided by said Supreme Court on November 5, 1909," 158 Mich. 590 (123 N. W. 36).

The seventh paragraph of such return shows—

" That the reason he disallowed the fee of $15 for trial of issue of fact contained in the bill of costs of relator in the case of *Detroit* v. *Weber* * * * was because the attorney for the relator, at the same time the bill of costs " in *Detroit* v. *Weber* " was presented to this respondent for taxation, presented a certain other bill of costs for taxation in the case of *Detroit* v. *Weber, Tank*, and *Grandt*, which contained an item of $15 as a fee for trial of issue of fact, which said item was allowed by this respondent in said last-mentioned bill of costs, but this respondent refused to allow such a trial fee of $15 in both of said cases so tried together as one case at the same time and before one jury."

The second paragraph of such return shows that said cause of *Detroit* v. *Weber* " was on the list of cases for trial at the September term, 1907," and on the "January, April, and September terms, 1908," of said Wayne circuit court.

The fourth paragraph of such return shows—

" That according to the practice of the Wayne circuit court under the provisions of Act No. 31, Public Acts 1903, of the legislature, it calls a list of 100 cases monthly from the list of cases noticed under the terms of said act as ready for trial, and sets the same for a day certain for trial as near as may be, and that it is only necessary to once notice any cause pending in said court for trial and file but one note of issue therein after the same shall be at issue and ready for trial to place said cause upon the list of cases so ready for trial; that when any cause is once placed on such list as ready for trial, it remains thereon until finally tried or otherwise disposed of by the court; that said court has a clerk appointed by the judges there-

of whose special duty it is to arrange for the trial of said causes so placed on said list for trial; that said clerk notifies the attorneys for the respective parties when their cases can be heard by the court, and said clerk prepares a list daily from such cases so set for trial as hereinbefore stated, and presents such daily list to the presiding judge of said court, who in turn distributes such cases between himself and the several judges of said court for trial; that this has been found to be the only practical method of dispatching the business of the court owing to the very large number of cases tried and to be tried in said court, and of furnishing the several judges of said court an opportunity to employ their time to the best advantage in the performance of their judicial duties."

The fifth paragraph of such return alleges—

"That said act of the legislature hereinbefore mentioned supersedes, in the county of Wayne, section 11254 of the Compiled Laws of 1897, providing for the taxation of term fees in the bill of costs of the prevailing party to a suit tried in the several circuit courts of the State, and that it has been the practice of the court to allow only one term fee to be taxed under the provisions of said act so regulating the method of procedure and practice of the law in said circuit court for the county of Wayne, as was done by this respondent in the bill of costs attached to relator's petition herein."

The eighth paragraph of such return shows—

"That the circuit court for the county of Wayne is practically in one continuous session the year round, a session thereof being held on each secular day of the year, and that when one term of said court is closed a new term thereof is at once opened on the same day, and that the regular business of the court is practically going on continuously every secular day of the year, and that under the provisions of section 3 of said act of the legislature a fresh panel of citizens, qualified for jury duty, was called every 30 days to sit and act as jurors in said circuit court."

The judgment in favor of defendant Weber contained the usual provision that he recover his costs to be taxed. There was but one "trial of issues of fact," and therefore the respondent properly allowed but one trial fee. Act

No. 31, Pub. Acts 1903, regulates the practice and procedure as to notices of trial and the making up of the docket of cases for trial, so far as the circuit court for the county of Wayne is concerned. *Fornia* v. *Wayne Circuit Judge*, 140 Mich. 631 (104 N. W. 147); *Hoock* v. *Sloman*, 145 Mich. 19 (108 N. W. 447).

In our opinion, the practice authorized and adopted under this statute is inconsistent with the allowance of term fees based upon a widely different practice. The reasons for the provisions as to term fees having ceased to exist in the county of Wayne, the allowance thereof, except as to the first, should also cease.

The writ is denied, with costs.

OSTRANDER, HOOKER, MOORE, and STONE, JJ., concurred.