JOHNSON v. BOARD OF SUPERVISORS OF IONIA COUNTY.

1. JUDGMENT—ISSUE DETERMINED—RES ADJUDICATA.
    Where the issue was single and the pleadings disclosed but one issue, it will be assumed by the appellate court in another proceeding between the same parties that the case was determined upon the single issue made by the pleadings.

2. DRAINS—AUTHORITY TO SPREAD TAX—STATUTES.
    Act No. 176, Pub. Acts 1915 (1 Comp. Laws 1915, § 4927), authorizing the board of supervisors to proceed to spread assessments for drain taxes on application of land owners does not apply to a tax held invalid in a proceeding in which the party now seeking to enforce the same was a party.

3. MANDAMUS—WRIT OF RIGHT.
    Mandamus is not a writ of right, and will not issue to compel an unlawful act or to work an injustice.

Certiorari to Ionia; Sharpe, J., presiding. Submitted June 18, 1918. (Calendar No. 28,245.) Decided July 18, 1918.

Mandamus by Sven J. Johnson to compel the board of supervisors of Ionia county to order a tax spread for the payment of a drain contract. From an order granting the writ, defendant brings certiorari. Reversed.

*Locke & Gemuend* and *F. C. Miller*, for appellant.

*John Nichol*, for appellee.

FELLOWS, J. The proceedings instituted for the purpose of cleaning out and straightening the "Campbell creek drain," located in Ionia county, is not a stranger to this court. *Nash* v. *Kenyon*, 151 Mich. 152; *Yeomans* v. *Board of Sup'rs of Ionia Co.*, 174 Mich. 451. A detailed statement of the proceedings prior to those leading up to the present case will be found in these cases and need not be here repeated. It will suffice to say that the present plaintiff is the Mr. Johnson referred to in the *Nash Case* as having contracted, for the sum of $266.40, to construct the section of the job there referred to, and the same person referred to in the *Youmans Case* as having, with others, instituted unsuccessful mandamus proceedings in November, 1903, to compel the present defendant to spread the identical tax here involved. The former mandamus proceedings, which ended in the circuit court, are made a part of this record.

The plaintiff here asserts rights as the owner of lands assessed for said improvement, and as grantor with covenants of warranty of other premises, which were also assessed for said improvement, and claims that such rights authorize him to proceed in accordance with the provisions of Act No. 176, Public Acts 1915 (1 Comp. Laws 1915, § 4927). After this act became effective plaintiff filed with the county clerk his application as required by the terms of the act.

Pursuant to this application and the provisions of the act the county clerk presented to defendant a certified copy of the special assessment roll of the Campbell creek drain for the year 1902. Defendant refused to spread such special assessment and this proceeding in mandamus was instituted, resulting in the peremptory writ being allowed by the circuit court. This writ of certiorari was then issued by this court to bring up such proceedings.

In the mandamus case instituted by the present plaintiff and others in 1903, against the present defendant, it was sought to compel this defendant to spread the identical tax here involved in order that this plaintiff might be paid for the performance of his contract on the drain in question. He admits that one of his reasons for instituting this proceeding is to collect such pay. One would not be required to read between the lines to discover this. In that case, in answer to the order to show cause, the respondent there, defendant here, set up fully the proceedings it insisted were invalid, and specifically alleged eight reasons for such invalidity. The issue tendered by such answer, and the sole issue so tendered, was the invalidity of such proceedings. While it is true that where several issues are presented and a general judgment rendered, one who asserts that such judgment determines a particular issue has the burden of proving it (*Hoffman* v. *Silverthorn*, 137 Mich. 60), still, where the issue is single and the pleadings disclose but one issue, we must assume, at least in the absence of proof, that the case was determined upon the single issue made by the pleadings. This court so regarded such proceedings in the case of *Yeomans* v. *Board of Sup'rs of Ionia Co., supra,* and there stated:

"The same drain proceedings were in controversy, the same points raised, and the same alleged tax litigated as before us now; and, after full hearing, the

side which Yeomans then represented prevailed, the application for mandamus being denied. No appeal was ever taken from said judgment, and it yet stands unreversed in that court, adjudicating invalid the proceedings upon which the order relator is seeking to collect is based."

We must therefore, assume from an examination of the pleadings in that case, which pleadings tendered but the one issue, that of the validity of the proceedings, that the court in there denying the writ of mandamus did so on the sole grounds there submitted to it, and that it has been determined between this plaintiff and this defendant that such drain proceedings were invalid.

Plaintiff relies upon the rights conferred upon him by the act of 1915. Does that act give to him the right which may be enforced by mandamus to compel the spreading of a tax which, in a proceeding between him and this defendant, the same parties, has been held invalid? We think not. We are not here dealing with a case where, in disregard of a plain ministerial duty, a public body has arrogated to itself the determination of the validity of the proceedings. Here we have a tax, held invalid many years ago, now sought to be enforced by the same person who was a party to the proceeding in which it was held invalid. The act in question does not contemplate and does not afford relief under such circumstances. The writ of mandamus is not a writ of right (*Yeomans* v. *Board of Sup'rs of Ionia Co., supra*), and will not issue to compel an unlawful act, or to work an injustice (*Citizens' Life Ins. Co.* v. *Com'r of Insurance*, 128 Mich. 85; *Board of Sup'rs of Cheboygan Co.* v. *Township of Mentor*, 94 Mich. 386; *Wooster* v. *Calhoun Circuit Judge*, 150 Mich. 459). The levy and collection of this tax, something over $2,000, would compel those assessed to pay for an improvement, only a small por-

tion of which was completed; and under the guise of removing a cloud on his title allow plaintiff to recover that which the circuit court of Ionia county held in 1903 he was not entitled to recover.

It follows that the case must be reversed and the petition for mandamus denied. Defendant will recover costs of both courts.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.