DUELL *v.* OAKLAND CIRCUIT JUDGE.

DISMISSAL — MANDAMUS — REINSTATEMENT OF CASE ERRONEOUSLY DISMISSED—CORRECTING CLERK'S ERROR.

Where a plea to a case was by the county clerk or his deputy erroneously filed in another case, and the circuit judge dismissed said case under 3 Comp. Laws 1915, § 12574, for want of prosecution, under the erroneous impression that no plea had been filed, mandamus will issue to compel the reinstatement of said case, since it was within the power of the judge to correct the inadvertence of the clerk, and, in the exercise of a sound legal discretion, he should have done so.

Mandamus by Ray L. Duell to compel Frank L. Covert, circuit judge of Oakland county, to set aside an order dismissing an action at law. Submitted June 10, 1919. (Calendar No. 28,813.) Writ granted July 17, 1919.

*William C. Gottman,* for plaintiff.

This is an application for a mandamus to require the circuit judge to set aside an order dismissing a case under the provisions of section 12574, 3 Comp. Laws 1915, which provides in part:

"On the first day of each term, any cause appearing under this heading shall be dismissed by the court for want of prosecution, but without prejudice, at the cost of the party by whom it was brought into court, unless cause be then and there shown to the contrary."

It appears without dispute upon this record that plaintiff brought suit against one William Jackson in the circuit court for the county of Oakland on October 2, 1916; the *ad damnum* in the declaration being $10,000. On October 17, 1916, defendant, Jackson, by Pelton & McGee, his attorneys, filed and served a plea

of the general issue. Through some inadvertence the county clerk or his deputy failed to file the plea in the proper case. Because of this oversight said case was not placed on the docket during any of the terms of the year 1917. It was placed on the docket for the January term, 1918, under the heading:

"Causes in which no progress has been made for more than one year,"

—and on the first day of that term was summarily dismissed for want of prosecution, under the provisions of section 12574, 3 Comp. Laws 1915, *supra*. As soon as plaintiff's attorney learned of the dismissal he made a motion to have it reinstated, showing by his own affidavit and that of the plaintiff that he had at all times been ready and willing to proceed with the trial thereof, but had never received any docket or notice that the court was ready to call the case. This motion came on to be heard by the circuit judge on April 21, 1919, and was denied by the court in the following terms:

"No plea has ever been filed and therefore the defendant has been in default since about November 1, 1916. It does not appear, however, that the plaintiff has ever entered the default of the defendant or taken any steps to bring the case on for hearing and therefore is in no position to complain of the action of the court in striking the case from the docket.

"Motion is therefore denied."

As soon as this opinion reached plaintiff's attorney, he wrote to the circuit judge calling his attention to the fact that a plea (contrary to the judge's opinion) had been filed and served on October 17, 1916. To this communication the circuit judge replied:

"I have looked this matter up and find that there were two cases, one begun by Davis & Bromley, of this city, which was afterwards dismissed, and the other begun by yourself. I also find that there was

a plea filed in the later case, but through error of a deputy clerk the plea was filed in the former case and therefore the record showed no plea in your case.

"This fact, however, would not change the decision for the reason as therein stated that the statute relative to dismissal of cases is mandatory and I am unable to find any statute authorizing the court to reinstate cases after dismissal,"

—and declined to reinstate the case.

BROOKE, J. (*after stating the facts*). We are of opinion that the learned circuit judge was clearly in error in declining to reinstate the case upon learning that through an error the clerk or his deputy had failed to file the plea properly. It is asserted by counsel for plaintiff that the statute of limitations prevents the starting of a new suit and therefore that if this decision is allowed to stand he will be denied a trial of his action upon the merits. It was within the power of the learned circuit judge to correct the wrong done through the inadvertence of the clerk, and, in the exercise of a sound legal discretion, he should have done so.

The mandamus will issue as prayed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.