BARNES *v.* WAYNE CIRCUIT JUDGE.

DISMISSAL AND NONSUIT—JUDICATURE ACT—NOTICE PREREQUISITE
TO DISMISSAL OF CASE.

Where a case was placed on the calendar by the clerk of
the court as one in which no progress had been made for
more than one year, as provided by the judicature act
(3 Comp. Laws 1915, § 12574) and Circuit Court Rule
No. 40, but notice was not given to plaintiff's attorney
by mailing a copy of said calendar at least five days prior
to the first day of the term, as required by section 12576,
the court was without power to order its dismissal, since
notice is an essential prerequisite to the power of the
court to dismiss.

Mandamus by Edgar Barnes, an infant, by his next
friend, to compel Joseph A. Moynihan, circuit judge of
Wayne county, to vacate an order denying a motion
to reinstate a cause of action. Submitted August 22,
1922. (Calendar No. 30,072.) Writ granted Oc-
tober 2, 1922.

*Robert M. Drysdale,* for plaintiff.

*A. W. Sempliner,* for defendant.

FELLOWS, C. J. February 8, 1918, plaintiff insti-
tuted suit in the Wayne circuit court against the De-
troit Taxicab & Transfer Company. The case was
placed on the calendar of the September, 1920, term
of the court as a case in which no progress had been
made for more than one year. The calendar was not
mailed plaintiff or his attorney and neither had notice
that the case had been placed on this portion of the
calendar. August 18, 1921, the case was dismissed,
the call and consideration of the "no progress" cases

having been from time to time adjourned until this date. Plaintiff's attorney was not present in court when the action was taken, and had no notice or knowledge of it until a later date. Learning of the action taken he moved to set it aside. His motion was denied and he here seeks by mandamus to compel its granting.

We shall not consider the point here made by defendant's counsel that the order of dismissal was made by a different circuit judge than the one who heard the motion under consideration. That point was not made in the court below and was in no way made the basis of the order here reviewed. Certain papers were filed in the original suit in the Wayne circuit during the year preceding the order of dismissal. It is argued pro and con whether the filing of these papers constitutes "progress" within the meaning of the statute. We shall likewise disregard this question as we are persuaded that the case should be disposed of on the main question whether the court had jurisdiction to enter the order of dismissal.

Act No. 31, Pub. Acts 1903, applied by its terms to Wayne county alone and provided for the filing of a request with the clerk to place cases ready for trial on a list to be prepared by him, for the monthly printing of lists of cases sufficient to keep the court busy for one month. Since the enactment of this act the printing of a general term calendar has been dispensed with in the Wayne circuit. The validity of this act was sustained in *Fornia* v. *Wayne Circuit Judge,* 140 Mich. 631, and it was held to regulate the practice and procedure as to notices of trial and the making up of the docket of cases in that circuit in *Hoock* v. *Sloman,* 145 Mich. 19, and *Weber* v. *Wayne Circuit Judge,* 162 Mich. 32. Its provisions were substantially re-enacted in Act No. 240, Pub. Acts 1909, and made applicable to counties having a population of 200,000

or more. The provisions of this act were written into the judicature act (3 Comp. Laws 1915, § 12578, 12579), and Act No. 240 of the Public Acts of 1909 was specifically repealed (3 Comp. Laws 1915, § 14465). These provisions deal solely with live cases. Provisions for dead cases, for those in which no progress has been made for more than one year, are found in the same chapter of the judicature act. Section 2 of the chapter (3 Comp. Laws 1915, § 12574) provides:

"All causes in which no action has been taken or progress made for more than one year unless by reason of the business of the court the same shall not have been reached, shall be placed upon said calendar separate and apart from all other causes, under the following heading: 'Causes in which no progress has been made for more than one year;' and on the first day of each term, any cause appearing under this heading shall be dismissed by the court for want of prosecution, but without prejudice, at the cost of the party by whom it was brought into court, unless cause be then and there shown to the contrary."

And section 4 of the same chapter (§ 12576) provides:

"The clerk shall cause printed copies of said calendar to be provided at least five days prior to the first day of each term of court, and shall mail or deliver a copy of said calendar to each attorney, or firm of attorneys, representing any party in any action or proceeding that is upon the calendar."

In furtherance of this legislation this court adopted Circuit Court Rule No. 40 which so far as here applicable provides:

"Previous to each term, the clerk shall prepare a calendar of causes for the term. The same shall be made up in the following order: 1. Criminal cases. 2. Jury civil cases. 3. Non-jury civil cases. 4. Chancery cases. 5. Causes in which no progress has been made for more than one year. The latter shall appear under no other heading." * * *

The purpose of this legislation and rule was fully considered in *Detroit Lumber Co.* v. *Oakland Circuit Judge,* 207 Mich. 62, and it was there pointed out that it permitted the court on its own initiative to clean up the deadwood which accumulates in all circuits and that it was not intended to summarily dispose of cases which parties were ready and anxious to try. See, also, *Sayre* v. *Railway Co.,* 199 Mich. 414. That the purpose of the provisions should be carried out, it was required that the attorney should be given notice by mailing to him a copy of the calendar in which appeared under a separate heading the cases in which no progress had been made for more than one year and such cases should appear under no other heading. Notice was made an essential prerequisite to the power of the court to dismiss. In the instant case neither the notice provided for in the statute nor any other notice was given plaintiff or his attorney that the case was subject to dismissal. Under these circumstances the order of dismissal was improperly entered and should have been set aside. We do not hold that the entire calendar of the Wayne circuit court must be printed each term. The practice as to live cases originally provided for by the act of 1903 and recognized as controlling in that circuit in *Hoock* v. *Sloman, supra,* and *Weber* v. *Wayne Circuit Judge, supra,* is in no way disturbed by this opinion. Those cases are adhered to. That practice, however, relates to live cases. As to those cases in which no progress has been made for more than one year the provisions of the judicature act must control. A calendar containing at least such cases must be mailed interested attorneys or equivalent notice given them.

The writ will issue, with costs.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.