ROGERS v. JACKSON CIRCUIT JUDGE.

BAIL—SUMMARY JUDGMENT—CAPIAS AD SATISFACIENDUM.

Where judgment creditor took out execution which was returned unsatisfied, and then took out *capias ad satisfaciendum*, which was returned defendant not found, creditor, in action against surety on debtor's bail bond, was entitled to summary judgment in absence of showing that delay on part of creditor occasioned special damage to bail; said damage not being presumed.

Mandamus by Josephine Rogers to compel Benjamin Williams, Jackson circuit judge, to render a summary judgment. Submitted January 14, 1930. (Calendar No. 34,609.) Writ granted March 7, 1930.

*Rosenburg & Lawrence* (*Frank C. Painter,* of counsel), for plaintiff.

*Harry E. Barnard* and *Albert B. Carroll,* for defendant.

WIEST, C. J. Plaintiff seeks our writ of mandamus directing the circuit judge to render a summary judgment.

Plaintiff brought suit, by *capias ad respondendum,* against Stanley Billski. Billski was taken into custody under the writ. Andrew Rogalski went his bail. Plaintiff recovered judgment against Billski, took out an execution which was returned unsatisfied, and then took out a *capias ad satisfaciendum,* which was returned, defendant not found. Plaintiff then brought suit against Rogalski upon the bail bond. Rogalski appeared and pleaded the general issue. Plaintiff moved for summary judgment and made a showing. Rogalski, by counter-showing, set up that, had plaintiff issued process within a reasonable time after the judgment the person of Billski would have been found within the county, but, by delay, plaintiff permitted Billski to leave the county. The circuit judge refused to grant summary judgment because of the question of fact of whether Billski was within the county after judgment, and plaintiff, by unreasonable delay, let him depart.

Accepting the facts as stated in Rogalski's showing in opposition to the motion for summary judgment, there was but a question of law presented. After judgment Rogalski could have surrendered Billski and have escaped liability, and, if Billski was preparing to leave the county and Rogalski was aware of his purpose, it was Rogalski's duty to surrender Billski or respond to the bail undertaking. Whether the purpose of Billski to leave was within the knowledge of Rogalski does not appear, neither is such knowledge negatived by the counter-showing.

Rogalski rests his defense upon the claim that had plaintiff moved promptly Billski's body could have been taken. Assuming such to be true does not as a matter of law discharge the bail or release the obligation of the bond, unless the delay occasioned special damage to the bail. No showing of special damage was made. Such damage may not be assumed to exist. Rogalski made no showing of prejudice in fact by reason of plaintiff's delay in taking out process.

The judgment against Billski was rendered January 17, 1929. The same day execution on the judgment was stayed for 20 days. April 8, 1929, execution was issued and made returnable April 30th. June 7, 1929, the execution was returned unsatisfied. June 24, 1929, a *capias ad satisfaciendum* was issued, and July 20, 1929, returned, defendant not found. While the stay was in force execution could not issue. Until execution was issued and returned unsatisfied, the *capias ad satisfaciendum* could not issue.

Upon the showing and counter-showing, plaintiff was entitled to judgment. The circuit judge is so advised, and, if necessary, the writ will issue. Plaintiff will recover costs against Andrew Rogalski.

BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.