MILEWSKI v. WAYNE CIRCUIT JUDGE.

1. MANDAMUS—WILL NOT ISSUE IN FAVOR OF THOSE CULPABLY DILATORY.

   Mandamus will not usually issue in favor of those culpably dilatory.

2. BAIL—SUMMARY JUDGMENT—CAPIAS AD SATISFACIENDUM—LACHES.

   Summary judgment on special bail bond was properly denied, where judgment creditor's delay of 250 days in issuing writ of *capias ad satisfaciendum* was pleaded and claim made that he was guilty of laches and negligent failure to act, and that for seven months of said time judgment debtor's whereabouts was well known to both parties (3 Comp. Laws 1929, § 14724).

Mandamus by Bruno Milewski to compel Allan Campbell, Wayne circuit judge, to enter a summary judgment for plaintiff in an action on a bail bond. Submitted March 3, 1931. (Calendar No. 35,447.) Writ denied October 5, 1931.

*John J. Adamski,* for plaintiff.

*Cornelius, Doland & Bird,* for defendant.

POTTER, J. Bruno Milewski, plaintiff, seeks mandamus against Allan Campbell, circuit judge of Wayne county, directing him to enter a summary judgment for plaintiff against Boleslaw Lisowski on a special bail bond signed by him. Plaintiff commenced suit, some time prior to August 12, 1924, against John Majewski, who was arrested on a *capias ad respondendum,* and thereafter Boleslaw Lisowski and Mike Komorowski executed a special bail bond to the deputy sheriff of Wayne county for Majewski's release. Plaintiff obtained a judgment of $1,737.08 in the circuit court for Wayne county against Majewski November 14, 1928. November 17, 1928, a writ of *fieri facias* was issued upon this judgment, which was returned unsatisfied December 12, 1928. Plaintiff then commenced suit against Lisowski and Komorowski in the circuit court for Wayne county, which action was dismissed in March, 1929. August 20, 1929, a *capias ad satisfaciendum* was issued, and September 11, 1929, the same was returned showing the sheriff, after diligent search and inquiry, could not locate the defendant Majewski. The defendant Lisowski appeared, filed a plea to plaintiff's declaration, and gave notice that he did not consent to be bound upon the bond for the reason he was informed the bond

was for the appearance of John Majewski only, and he did not know, at the time he signed it, it contained any other provision than for the appearance of Majewski in court personally or by his attorney; plaintiff was guilty of laches in waiting from December 12, 1928, when the writ of *fieri facias* was returned, until August 20, 1929, before issuing a writ of *capias ad satisfaciendum,* because the said John Majewski was within the jurisdiction of the court and his whereabouts well known to both defendant and plaintiff during the months from January to July, 1929, inclusive. Plaintiff moved for a summary judgment. The court held that, under 3 Comp. Laws 1915, § 12995 (3 Comp. Laws 1929, § 14724), which provides:

"If it appear on the trial of any such action against bail, that an execution against the body of the defendant was not issued as herein directed, or that it was not issued in sufficient time to enable the sheriff to execute the same, or that directions were given by the plaintiff or his attorney to prevent the service of such execution, or that any other fraudulent or collusive means were used to prevent such service, the bail shall be entitled to a verdict in their favor"—

it became a question of fact whether the writ of *capias ad satisfaciendum* was issued in sufficient time to enable the sheriff to execute the same, and he denied plaintiff's motion for a summary judgment.

Plaintiff claims this case is governed by *Rogers* v. *Jackson Circuit Judge,* 250 Mich. 83. In that case the elapsed time between the return of the writ of *fieri facias* and the issuance of the writ of *capias ad satisfaciendum* was 17 days. In this case 250 days. In that case no showing of special dam-

ages was made and no showing of prejudice in fact by reason of the delay in taking out the writ of *capias ad satisfaciendum*. It was held that prejudice and special damage would not, in the absence of a showing, be assumed to exist, and mandamus was granted. In this case defendant's release by reason of plaintiff's laches was pleaded, and the proposition presented that if plaintiff had not been dilatory, and had caused to be issued the writ of *capias ad satisfaciendum* in sufficient time, the sheriff could have executed it; that defendant's claimed liability on the bond resulted from plaintiff's laches and negligent failure to act. Mandamus will not usually issue in favor of those culpably dilatory. *Mabley* v. *Judge of Superior Court,* 41 Mich. 31. We think this case distinguishable, on the facts, from *Rogers* v. *Jackson Circuit Judge, supra,* and falls within the statute above quoted. The trial court reached a correct conclusion, and mandamus is denied, with costs.

CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred with POTTER, J.

WIEST, J. (*concurring in result*). I concur in holding that the circuit judge was right in refusing to enter summary judgment, but do not concur in holding that lapse of time without more works release of the bail. The statute was invoked and considered in *Rogers* v. *Jackson Circuit Judge,* 250 Mich. 83, but no claim was there made that time alone exonerated the bail.

In *Vandergázelle* v. *Rodgers,* 57 Mich. 132, this court stated the law on the subject as follows:

"The record shows that about seven months elapsed after the rendition of the judgment before

the *fi. fa.* was issued. The delay is unexplained, and is claimed by defendant's counsel as showing such a degree of negligence as to prevent the plaintiff's right to recover. We do not agree with counsel upon this point. We do not think, as a matter of law, we can say a delay of eight months, in the absence of any showing that the defendants on that account have been specially injured thereby, is sufficient to defeat the plaintiff's cause of action. There is no statute attaching such consequences to the delay, and we know of no practice requiring it."

See 6 C. J. p. 933, § 117.

BUTZEL, C. J., concurred with WIEST, J.