GLOBE INDEMNITY CO. v. RICHER.

1. MANDAMUS—APPEAL AND ERROR—REINSTATEMENT OF CASE.
    Order denying reinstatement of case dismissed because of no progress within year should be reviewed by mandamus rather than appeal.

2. SAME—NOT WRIT OF RIGHT—CIRCUIT JUDGES.

Mandamus is not writ of right, and, where directed against circuit judge, will be granted only when judge's duty is imperative and not discretionary.

3. SAME—LACHES.

Mandamus may be denied on ground of laches.

4. SAME—REINSTATEMENT OF CASE—LACHES.

Mandamus requiring reinstatement of case dismissed because of no progress within year is denied, where plaintiff was guilty of laches; four years having elapsed between commencement of suit and its dismissal, and nearly eight years between commencement of suit and filing of petition for reinstatement.

Appeal from Delta; Bell (Frank A.), J. Submitted June 16, 1933. (Docket No. 18, Calendar No. 36,973.) Decided August 29, 1933. Rehearing denied October 19, 1933.

Assumpsit by Globe Indemnity Company, a Michigan corporation, against Joseph Richer. Case dismissed because of no progress for a year. From order denying motion to reinstate case, plaintiff appeals. Affirmed.

*Ryall & Frost,* for plaintiff.

*H. J. Rushton,* for defendant.

POTTER, J. November 18, 1924, plaintiff sued defendant in circuit court, in assumpsit, Hon. Thomas J. Riley of Escanaba being then plaintiff's local attorney. March 25, 1928, Mr. Riley died. October 1, 1928, the case was dismissed because of no progress within a year. Plaintiff had knowledge of Riley's death in December, 1930. March 16, 1932, plaintiff petitioned the trial court to set aside the order dismissing the case for want of progress and restore it. September 19, 1932, this petition

was denied. Preliminary and supplemental notices of appeal were filed in October, 1932. The trial court refused to reinstate the case here sought to be reviewed because of plaintiff's laches. The case is here under the rules of court by appeal. The remedy of plaintiff, petitioner and appellant, was and is by mandamus. *Duell* v. *Oakland Circuit Judge,* 206 Mich. 680; *Barnes* v. *Wayne Circuit Judge,* 220 Mich. 120; *Robinson* v. *Washtenaw Circuit Judge,* 242 Mich. 548. Treating an appeal as an application for a writ of mandamus, it is claimed there was no compliance by defendant with 3 Comp. Laws 1929, § 14255, nor with 3 Comp. Laws 1929, § 13589, as construed in *Barnes* v. *Wayne Circuit Judge, supra,* and *Mowat* v. *Walsh,* 254 Mich. 302, 304, respectively. This may be admitted. In *Robinson* v. *Washtenaw Circuit Judge, supra,* where a petition was made to set aside an order dismissing a case on the ground of want of progress and to reinstate the same, the order of dismissal was made March 1st, and the petition filed to set aside the order and reinstate the case November 27, 1926; and this court declined, on the ground of laches, to interfere by mandamus with the action of the trial court. In this case there was proof plaintiff's local agent attended Mr. Riley's funeral. There was testimony tending to show plaintiff was notified of his death by his widow prior to the dismissal of the case; that plaintiff's agent visited Escanaba and talked with defendant's attorney about the case, in 1928. Plaintiff continued for several years to maintain a local agency in Escanaba, and Mr. Gray, of plaintiff's home office, makes affidavit, "He is familiar with and has had principal charge of the action commenced by said *Globe Indemnity Company* v. *Joseph Richer* in the circuit court for Delta County, Michigan."

The trial court said:

"There seems to have been four years between the commencement of this suit and the time it was dismissed. The plaintiff certainly had plenty of time to bring it to trial. It was not brought to trial. * * * I feel that in view of this the plaintiff has been guilty of such laches that its conduct could not and should not appeal to this court."

Nearly eight years elapsed from the time of the commencement of suit to the filing of the petition to set aside the order dismissing the case and to reinstate it. The order of dismissal came to plaintiff's knowledge at least as early as December, 1930. The writ of mandamus is not a writ of right. *Johnson* v. *Ionia Board of Supervisors,* 202 Mich. 597; *Klatt* v. *Wayne Circuit Judge,* 212 Mich. 590. It will be granted only when the duty of the circuit judge is imperative and not discretionary. *Rex* v. *Hughes,* 3 A. & E. 425, 429 (111 Eng. Repr. 475); *Rex* v. *Mayor of London,* 3 B. & Ad. 255 (110 Eng. Repr. 96).

"The writ of mandamus is not a writ of right, and is not usually allowed to parties who have been culpably dilatory, or otherwise at fault." *Mabley* v. *Judge of Superior Court,* 41 Mich. 31.

It may be denied on the ground of laches. *Blanchard* v. *Church,* 47 Mich. 644; *Crittenden* v. *Reilly,* 97 Mich. 637; McGrath's Mandamus Cases, Nos. 383, 724, 726, 1086, 1414, 1415, 1494.

The writ will be denied, with costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.