McGREGOR v. CARNEY.

1. MANDAMUS—LACHES.
   Laches, although a defense peculiar to courts of equity, will also
   be considered on a petition for mandamus, where during period
   of unexcused and unaccounted for inaction and apparent
   acquiescence such changes have occurred as to make granting
   of writ inadvisable.

2. SAME—CULPABLE DELAY.
   The writ of mandamus is not a writ of right and is not usually
   allowed to parties who have been culpably dilatory, or other-
   wise at fault.

3. OFFICERS — WAR VETERANS — REINSTATEMENT — MANDAMUS —
   LACHES.
   War veteran who sought to compel his reinstatement as deputy
   commissioner of department of labor and industry upwards
   of a year and a half after his alleged unlawful discharge with-
   out a hearing, *held*, to have waived any rights he may have
   had by delay (1 Comp. Laws 1929, § 900 *et seq.*, as amended
   by Acts Nos. 66, 67, Pub. Acts 1931).

Mandamus by Silas J. McGregor to compel Claude
S. Carney and the other commissioners of the de-
partment of labor and industry and John K. Stack,
Jr., Auditor General, to reinstate him as deputy
commissioner of the department of labor and in-
dustry. Submitted March 12, 1935. (Calendar No.
38,281.) Writ denied April 8, 1935.

*Archie C. Fraser,* for plaintiff.

*Harry S. Toy,* Attorney General, and *Earl L. Bur-
hans, Arthur E. Kidder* and *Edmund E. Shepherd,*
Assistants Attorney General, for defendants.

Butzel, J. Silas J. McGregor, a veteran of the Spanish American War, was discharged as deputy commissioner of the department of labor and industry by the commissioners of the department on May 24, 1933. He claims that shortly thereafter he filed a written protest requesting a hearing on his claim of unlawful discharge with Claude S. Carney, chairman of the commission, and with the governor in office at the time of his discharge. He demanded a hearing before the governor. On June 29, 1933, he was advised by the governor's secretary that no hearing would be granted. Petitioner took no action for approximately a year and a half, but on December 22, 1934, he filed a petition for writ of mandamus with this court, in which he alleged that he was unlawfully discharged in violation of the provisions of the veterans' preference act, 1 Comp. Laws 1929, § 900 *et seq.*, as amended by Acts Nos. 66, 67, Pub. Acts 1931; that he had satisfactorily performed his duties as deputy commissioner for a term of almost six years, and was summarily discharged in May, 1933, because he did not belong to the political party in power at that time; that he was denied a hearing to which he claims he was entitled under the law. He seeks mandamus against Claude S. Carney, William A. Seegmiller, Eugene P. Berry and Daniel O'Connor, the commissioners of the department of labor and industry at the time the petition was filed, and also against John K. Stack, Jr., then the auditor general of the State of Michigan. Defendants filed a sworn answer on the 4th of January, 1935, denying plaintiff's claim that they had no right to discharge him without a hearing, and asserting that plaintiff was not a lawyer, although he was operating in a section of the State that especially required the services of an attorney; that the removal of plaintiff was

for the purpose of more efficiently administering the law; that they had a right to remove him as he could hold his position only during the pleasure of the board. While they further deny that the sole and only reason for plaintiff's discharge was that he was affiliated with a different political party, they nevertheless admit and claim that the efficiency of the department would be best served by deputy members of the commission in sympathy with the administration then in power. It is also contended that plaintiff was not an employee within the meaning of the veterans' preference act, but held a statutory official position and was a State official; and finally, that plaintiff by his long acquiescence in his discharge, his surrender of the books and papers belonging to his position, and his seeking of other employment, has consented to his removal and discharge, and should be held estopped by his own laches, as a matter of public policy, even if he were properly within the terms of the statute.

We shall limit our discussion to the question of laches, the principal question briefed by the attorney general, who appeared for defendants. Our attention is called to the fact that since the filing of the petition for mandamus Mr. Stack has died and his successor has been appointed; also that new commissioners of labor and industry have succeeded the other defendants. While the defense of laches is peculiar to courts of equity, it also will be considered on a petition for mandamus, where during the period of inaction and apparent acquiescence, not at all excused or accounted for, such changes have occurred as to make the granting of the writ inadvisable. As was held in *People, ex rel. Mabley,* v. *Judge of Superior Court of Detroit,* 41 Mich. 31, 38:

"The writ of mandamus is not a writ of right, and is not usually allowed to parties who have been culpably dilatory, or otherwise at fault, as we think they have been here."

In *Gray* v. *Saginaw Circuit Judge,* 49 Mich. 628, where mandamus was sought to compel the circuit judge to amend a judgment in replevin, more than a year after the entry of the original judgment, and in the meantime another judge had come into office, the court said:

"If the relator originally had any right to this remedy, which we do not determine, we are satisfied that by means of the delay and the proceeding on the execution he has waived it."

Also, see, *Milewski* v. *Wayne Circuit Judge,* 255 Mich. 244, and *Globe Indemnity Co.* v. *Richer,* 264 Mich. 224.

The writ of mandamus is denied, without costs to either party.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.