Argued February 2, affirmed February 9, 1926.

# STATE v. W. N. FREAUFF.

(243 Pac. 87.)

**Criminal Law—Presumption from Record Held to be That Defendant was Never in Actual Custody from Time of Giving Bail.**

1. Where it appears from record that, when brought into court, defendant gave bail in named sum and on day of conviction gave bail in named sum after giving notice of appeal, there being no record that he was ever committed to jail, clear presumption is that he was never in actual physical custody from time he gave bail up to present time.

**Criminal Law — Actual Physical "Custody" of Defendant Contemplated Where Justice Required to Make Transcript.**

2. Under Section 2511, Or. L., providing that, if defendant is in "custody" at time appeal is allowed, justice must make and deliver proper transcript, actual physical custody is contemplated and not a constructive custody.

**Criminal Law—Appeal from Conviction in District Court Properly Dismissed Because not Filed in Time.**

3. Where, at time of conviction in District Court of unlawfully selling intoxicating liquor, defendant was at large and not in custody, as contemplated by Sections 2497, 2511, Or. L., appeal to Circuit Court was properly dismissed where it was not filed within 30 days after allowance of appeal as required by Sections 2463, 2509.

Criminal Law, 17 C. J., p. 159, n. 35, p. 160, n. 47 New.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.

The defendant was convicted in the District Court of Multnomah County of the crime of unlawfully selling intoxicating liquor and his appeal to the Circuit Court was, on the motion of the district attorney, dismissed because not filed in time, and the cause was remanded back to the District Court. From this order defendant appeals to this court.

The proceedings in the District Court are summed up as follows:

"In the District Court of the State of Oregon for the County of Multnomah.

"Transcript on Appeal.

"No. 17162.

"State of Oregon, Plaintiff,
         vs.

"W. N. Freauff, Defendant.

"May 12, 1924.   Complaint filed accusing W. N. Freauff of the crime of unlawfully selling intoxicating liquor.

"May 15, 1924.   Warrant for arrest filed.

"May 26, 1924.   Defendant appeared in person and by attorney Paul Dormitzer, and pleads not guilty: Bail fixed at $250.00.

"Date of trial set for June 20, 1924 at 2:30 P. M.

"(Signed) ASHBY C. DICKSON, Judge.

"June 20, 1924.   The above defendant tried before a jury. Jury found defendant guilty; Monday June 23d, at 9:30 A. M., fixed as time for passing sentence.

"(Signed) ASHBY C. DICKSON, Judge.

"June 23, 1924.   Defendant sentenced to serve 90 days in County Jail and to pay a fine of $250.00.

"(Signed) ASHBY C. DICKSON, Judge.

"June 23, 1924.   Notice of Appeal filed.

"June 23, 1924.   Undertaking on Appeal filed.

"June 23, 1924.   Order allowing Appeal filed.

"(Signed) ASHBY C. DICKSON, Judge.

"June 26, 1924.   Transcript on Appeal prepared and issued together with all papers filed in the above case to Paul Dormitzer, attorney for appellant."

No transcript on appeal was filed in the Circuit Court until August 11, 1924.          AFFIRMED.

For appellant there was a brief over the names of *Mr. H. F. McInturff* and *Mr. Paul C. Dormitzer,* with an oral argument by *Mr. McInturff.*

For respondent there was a brief over the names of *Mr. Stanley Myers,* District Attorney, and *Mr. Clarence A. Beckman,* Deputy District Attorney, with an oral argument by *Mr. Beckman.*

McBRIDE, C. J.—Section 2463, Or. L., regulating appeals in civil cases, provides that—

"Within thirty days next following the allowance of the appeal, the appellant must cause to be filed with the clerk of such circuit court a transcript of the cause."

Section 2509, Or. L., which governs appeals from justices' courts in criminal actions, provides that—

"The appeal is taken in the same manner and within the same time as in the case of an appeal from a judgment in a civil action."

Section 2511, Or. L., provides that—

"If the defendant is in custody at the time the appeal is allowed, the justice must make the proper transcript, and deliver it to the clerk of the circuit court."

1, 2. The contention here is that the defendant was in custody at the time the appeal was allowed, and, therefore, it was the duty of the judge of the District Court, who in this case has the same authority as the justice of the peace, to send the transcript up to the Circuit Court. We take it, that the transcript does not indicate that the defendant was in custody at

the time the appeal was allowed. On the contrary, it appears that when brought into court he gave bail, pending the trial, in the sum of $250; and that upon the day judgment was rendered he gave bail in the sum of $500, after giving notice of appeal, and in its natural sequence the appeal was allowed. There is no record that he was ever committed to jail, or that any certified copy of the judgment was ever delivered to any sheriff or constable which would authorize them to place him in jail. The clear presumption from the record is that defendant never was in actual physical custody from the time he gave bail in the sum of $250, pending the trial, up to this moment. We do not think that the law contemplated a constructive custody but an actual physical custody, the intent of the statute being, if the defendant was at large physically, and capable of taking his own transcript and delivering it to the clerk, that it was his business to do so, but, if he was by reason of imprisonment physically unable so to do, the justice should see that it was sent up so that he should not lose any right by reason of lack of opportunity to perform the act of delivering the transcript on appeal to the clerk. This was the view intimated by this court in the early case of *State of Oregon* v. *Zingsem,* 7 Or. 137, wherein Mr. Justice PRIM says:

" 'If defendant is in custody at the time the appeal is allowed the justice must make the proper transcript and deliver it to the clerk of the circuit court by the first day of the next term thereof,' or transmit it by mail or other safe conveyance by such time. If the defendant should not be in custody, we apprehend it would devolve upon him to file the transcript with the clerk himself, as in civil cases."

3. There is nothing to indicate that the defendant was in custody. There is no record that he was ever

sent to jail, but, upon the contrary, it must be deduced from the entries in the justice's docket that, at the time of the allowance of the appeal, he was at large. Section 2497, Or. L., provides as follows:

"The judgment must be executed by the sheriff of the county, or by a constable of the precinct in which the conviction is had, or any marshal or policeman authorized to act as a constable therein, upon receiving a certified copy of the entry of judgment."

The defendant was not in any such custody as the law contemplates, and it was his duty within thirty days to have seen that a copy of the transcript in the case was filed with the clerk of the Circuit Court.

The order of the Circuit Court dismissing the appeal is affirmed.                                    AFFIRMED.

BURNETT, RAND and COSHOW, JJ., concur.