Submitted on briefs October 31, 1932; affirmed January 10. 1933

## CITY OF BEND *v.* ALLEN
### (18 P. (2d) 215)

*Jay H. Upton,* of Bend, for appellant.

*Bert C. Boylan,* City Attorney, of Bend, for respondent.

ROSSMAN, J.   December 10, 1931, there was filed in the municipal court of the city of Bend a complaint charging the defendant with a violation of the liquor laws of that city. What occurred thereafter is thus described in the transcript of the proceedings of the municipal court, which were filed in the circuit court April 15, 1932:

"Defendant appeared in court in the custody of the chief of police and was duly arraigned and advised of his rights and entered a plea of not guilty.

"Prosecution witnesses: Patrolmen Wm. Batis, F. E. Bockman, Chief K. C. McCormick.

"Two bottles and contents admitted in evidence.

"Judgment: Fined $500.00 and 60 days in jail.

"Defense attorney served notice of appeal and appeal allowed.

"Bond set at $700.00.

"Property bond furnished by Fred Metzger and Arthur Lindh.

"Bond approved."

Section 13-1204, Oregon Code 1930, provides that any person convicted in a municipal court of any offense defined by a city ordinance shall have the same right of appeal to the circuit court, in the absence of a charter provision to the contrary, as one convicted in a justice of the peace court. Section 16-409, Oregon Code 1930, provides that within 30 days after the allowance of the appeal the appellant must cause to be filed with the clerk of the circuit court a transcript of the cause.

██ The circuit court dismissed defendant's appeal from the judgment of the municipal court because the transcript had not been filed in the circuit court within 30 days of the allowance of the appeal. Section 16-704, Oregon Code 1930, provides:

"If the defendant is in custody at the time the appeal is allowed, the justice must make the proper transcript, and deliver it to the clerk of the circuit court by the first day of the next term thereof, or transmit the same to such clerk by mail or other safe conveyance by the first day of such term."

It will be observed from a reading of the transcript of the proceedings in the municipal court that if the defendant was in custody following his conviction in the municipal court the custody was of brief duration. As in *State v. Freauff,* 117 Or. 214 (243 P. 87), we are

justified in making the observation: "There is no record that he was ever committed to jail, or that any certified copy of the judgment was ever delivered to any sheriff or constable which would authorize them to place him in jail." In the case just mentioned, Mr. Chief Justice McBride, in construing section 16-704, declared: "We do not think that the law contemplated a constructive custody but an actual physical custody, the intent of the statute being, if the defendant was at large physically, and capable of taking his own transcript and delivering it to the clerk, that it was his business to do so but, if he was by reason of imprisonment physically unable so to do, the justice should see that it was sent up so that he should not lose any right by reason of lack of opportunity to perform the act of delivering the transcript on appeal to the clerk." The language just quoted expresses clearly our conception of the purpose which section 16-704 was intended to serve. In the present instance the custody of the defendant by the arresting officer was apparently a brief one. Immediately following his arrest he was brought before the municipal judge, tried, convicted and released upon the undertaking. It seems altogether reasonable to believe that he was out of custody before the clerk of the court had time to prepare his transcript for filing in the circuit court. Therefore, he was not prevented from delivering the transcript to the clerk of the circuit court.

It follows from the foregoing that the order of the circuit court, dismissing the appeal and remanding the cause to the municipal court, is affirmed.

RAND, C. J., BEAN, BELT, CAMPBELL, KELLY and BAILEY, JJ., concur.