### STATE *vs.* ISAAC J. WAINER

CRIMINAL LAW—APPELLANT HAS DUTY TO PERFECT APPEAL WHERE JUSTICE CAN DETERMINE THE CASE.

*Rev. Code* 1915 § 3973, requiring each justice of the peace to deliver recognizances to the clerk of the peace, applies to those cases in which the justice acts as a committing magistrate, and where the justice is empowered to hear and determine the case, as in charges for violating *Rev. Code* 1915 § 256, regulating speed of motor vehicles, and section 251, giving a right of appeal, the duty of perfecting the appeal rests upon the defendant, and, where he did not have the record filed within the time required by Court of General Sessions *rule* 9, the appeal will be dismissed.

(*November 8, 1921*)

RICE and HARRINGTON, J. J., sitting.

*Clarence A. Southerland,* Deputy Attorney-General, for the State.

*David J. Reinhardt* for defendant.

COURT OF GENERAL SESSIONS for New Castle County, November Term, 1921.

Appeal from Justice of the Peace, for conviction of violating the automobile statute, being *Sec.* 251, *Rev. Code* 1915. Appeal dismissed.

HARRINGTON, J., delivering the opinion of the Court:

Isaac J. Wainer was convicted before a justice of the peace for violating *section* 246 (*section* 209, *c.* 6), *Rev. Code*, 1915, regulating the speed of motor vehicles on public highways. He was sentenced to pay a fine and the costs of the proceeding.

*Section* 251 (*section* 214, *c.* 6), *Rev. Code*, 1915, provides:

"Any person convicted under the provisions of *sections* 196 to 217, inclusive, of this chapter, shall have the right to an appeal to the Court of General Sessions of the county upon giving bond in the sum of five hundred dollars to the state with surety satisfactory to the  *  *  * justice of the peace *  *  * before whom such person was committed.  Such appeal to be taken and bond given within two days from the time of conviction."

Pursuant to this section of the statute, Wainer, together with sureties approved by the justice, duly executed an appeal bond on the same day on which he was convicted and fined.

Opinion.

A transcript of the record duly certified by the justice, together with the appeal bond, was subsequently filed in this court.

The state moved to dismiss the appeal on the ground that it was not entered in this court within the time provided by the following rule of this court:

"*Rule* 9. All appeals to this court, unless otherwise provided by statute, shall be taken and transcript entered in the office of the clerk of the peace within fifteen days from the date of conviction. The first term shall be the trial term."

The attorney for Wainer resisted the motion to dismiss the appeal claiming that it was not the duty of his client to enter the appeal, but the duty of the justice. He relies on *section* 3973 (*section* 25, *c*. 119) *Rev. Code* 1915. This section is as follows:

"Each justice of the peace shall deliver every recognizance * * * by him taken, * * * to the clerk of the peace of his county ten days before the next Court of General Sessions, if the court does not sit sooner; and if so, then at the session of the court."

Under the statutes of this state, a justice of the peace has two separate and distinct functions in criminal cases. In by far the greater number of cases, he is merely empowered to act as a committing magistrate. Under this power, it is his duty, in proper cases, to bind persons charged with committing crimes by a recognizance for their appearance, for trial, at the Court of General Sessions, in the county in which the crime is alleged to have been committed. He may also in certain cases, in the same manner, bind witnesses for their appearance. In a few cases the justice is empowered to hear and determine the case. He is given that power with respect to violations of the automobile law.

*Section* 3973, above referred to, clearly applies to those cases in which the justice acts as a committing magistrate. It is equally clear that *section* 251 (*section* 214, *c*. 6), contemplates that the appellant shall perfect his appeal. It gives "any person convicted" the "right of appeal" to this court, "such appeal to be taken and bond given," etc. Neither this, nor any other statute; imposes a duty upon any other person to perfect the right given, therefore, the duty of perfecting the appeal by entering it in this court, necessarily rests upon the appellant.

The appeal was not perfected and entered in this court within the time prescribed by rule 9. The motion of the state is, therefore, granted and the appeal dismissed.