McNEILLY, Justice.
Defendant seeks relief from a decision of the Superior Court granting the State’s motion to dismiss his appeal from a motor vehicle conviction before a Justice of the Peace on the ground of untimeliness in filing.
I
On September 9, 1974 defendant was arrested in Kent County, near Harrington, for failure to stop his motor vehicle at the command of a police officer (21 Del.C. § 4103(b)). He elected to be tried before the Justice of the Peace, and on the same day he entered a plea of “Not Guilty”, was tried, convicted and fined. On September 23, 1974, fourteen days after his conviction, defendant posted a $500.00 appeal bond satisfactory to the Justice of the Peace and paid a fee of $5.00 for the appeal bond and transcript. This was done in accordance with the requirements of 21 Del.C. § 708.[1] The following day, September 24, 1974, the arrest ticket, appeal bond *400 and transcript of the record were forwarded to the office of the Prothonotary by the Justice of the Peace in accordance with the mandate of Rule 37 of the Superior Court Criminal Rules, Del.C.Ann.[2] On September 26, 1974, seventeen days after appellant’s conviction, the Prothonotary received a notice of appeal from defendant’s attorney and also received through the mail the appeal bond and transcript. On October 4, 1974 the State’s motion to dismiss was presented in open court, argued and granted from the bench.
II
We disagree with the result reached by the Superior Court and find that defendant perfected his appeal within the fifteen day period as delimited by 21 Del. C. § 708. A plain reading of this Statute connotes that a violator of motor vehicle laws perfects his right to an appeal by submitting a $500.00 bond to the convicting authority within fifteen days of that conviction.[3]. That the notice of appeal is received by the Superior Court or Attorney General after the expiration of fifteen days cannot be prejudicially attributed to the appellant in the absence of clear statutory instruction. Further, we note Superi- or Court Criminal Rules 37 and 37A[4] which strongly intimate that the Superior Court and Attorney General are to receive notice of appeals through the administrative processes of the Court system, and not from appealing parties themselves. To deny appellant his right to a criminal appeal in the face of statutory language which ostensibly places the burden of notifying the prospective court and prosecutor upon the State itself, would be to deprive appellant of his due process rights.
The State contends that the holding of State v. Wainer, 1 W.W.Harr. 512, 115 A. 772 (Ct.Gen.Sess.Del., 1921) is controlling as to the issue in this case. That case held that the statutory predecessor of 21 Del.C. § 708, Sec. 251 (sec. 214, c. 6), Rev.Code, 1915, imposed a duty upon the appellant to perfect his own appeal to the appellate court and did not defer that burden to the lower court. We are not persuaded to follow this holding in light of Superior Court Criminal Rules 37 and 37A, the applicability of 11 Del.C. §§ 5122,[5] and the dictates of fundamental fairness which cannot require an appellant to duplicate the statutory procedures made obligatory upon the Court below and the Prothonotary, in the absence of clear statutory provision to the contrary.
Reversed and remanded to the Superior Court for further proceedings consistent herewith.[6]

. 21 Del.C. § 708
“Any person convicted under the provisions of this title shall have the right of an appeal, unless otherwise stated in this title to the Superior Court, upon giving bond in the sum of $500 to the State with surety satisfactory to the Mayor, justice of the peace, or a judge before whom such person was convicted, such appeal to be taken and bond given within 15 days from the time of conviction.”

. Rule 37
“All appeals to the Superior Court, unless otherwise provided by statute, shall be taken within 15 days from the date of sentence. It shall be the duty of the court below to file forthwith in the office of the Prothonotary the appeal bond and a certified transcript of the record.”

. Nothing in the Delaware statutes would indicate to an appellant that any further action be taken besides filing of an appeal bond in order to perfect his right to an appeal.

. “Immediately upon the entry of an appeal in all criminal cases the prothonotary shall give notice in writing thereof to the office of the attorney general in the county in which the appeal is lodged.”

. 11 Del.C. 5122. Conflict between rules and statutes
Any inconsistency or conflict between any rule of court promulgated under the authority of section 5121 of this title, or prior law, and any of the provisions of this Code or other statute of this State, dealing with practice and procedure in criminal actions in the Superior Court, shall be resolved in favor of such rule of court.

. We can see the merit of requiring an appellant to file notice of appeal in the Prothonotary’s office within the fifteen day period and suggest that the Superior Court consider promulgating such a rule.