(68 South. 135)

No. 21166.

TOWN OF RAYVILLE v. LONG.

In re TOWN OF RAYVILLE.

(March 22, 1915.)

*(Syllabus by the Court.)*

CRIMINAL LAW ⬤⟹260—APPEAL FROM MAYOR'S COURT TO DISTRICT COURT — TIME TO FILE TRANSCRIPT.

The requirement of Act No. 27 of 1900, providing for appeals from the mayor's court to the district court, that the transcript shall be filed by the appellant in the district court before the expiration of 10 full legal days from the date of sentence must be construed literally. If the appellant fails to file the transcript before the expiration of 10 full legal days from the date of sentence, the appellee is entitled to a dismissal of the appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 567–609; Dec. Dig. ⬤⟹260.]

J. B. Long was convicted of violating an ordinance of the Town of Rayville, and appealed, and, the judge of the district court having refused to dismiss the appeal, the town applies for a writ of certiorari and mandamus. Ordered that writ issue directing dismissal of defendant's appeal.

C. J. Ellis, Jr., of Rayville, for applicant. W. H. Todd, of Bastrop, for defendant. John R. McIntosh, in pro. per.

O'NIELL, J. The defendant was tried in the mayor's court and convicted of violating a municipal ordinance. He was sentenced to pay a fine of $25 and costs or work 90 days on the streets of the town. He immediately obtained an order of appeal to the district court and furnished an appeal bond for the amount fixed by the mayor, with good and solvent surety. The mayor did not make a

136 LA.—35

transcript of the proceedings in the case, nor did the defendant make any request therefor, within the 10 days following the sentence. In fact, more than a month thereafter the appellee's counsel obtained a certificate from the clerk of the district court, showing that the transcript of appeal had not yet been filed. Immediately thereafter, and before a motion to dismiss the appeal was filed, the appellant's counsel requested, obtained, and filed the transcript of appeal. The appellee's counsel then filed a motion to dismiss the appeal, for the reason, among others, that the transcript was not filed within the 10 days allowed by law. The judge of the district court refused to dismiss the appeal, and, after giving notice to the judge and to the opposing counsel, the present application was made for mandamus to compel the dismissal of the appeal.

Act No. 27 of 1900, providing for appeals from mayors' courts, requires that, when the appeal bond is filed, the mayor shall at once make a transcript of the proceedings in the case, which shall, before the expiration of 10 full legal days from the date of the sentence, be filed by the appellant in the court to which the appeal is returnable.

The requirement that the transcript of the proceedings in the case shall be filed by the appellant in the court to which the appeal is returnable before the expiration of 10 full legal days from the date of the sentence is expressed in carefully selected words, which must be construed literally. The appeal in this case should have been dismissed.

It is ordered that the writ of mandamus issue, directing the judge of the seventh judicial district court to dismiss the defendant's appeal at his cost.