BISHOP *v.* JUDGE OF RECORDER'S COURT OF DETROIT.

1. APPEAL AND ERROR—STATUTORY RIGHT OF APPEAL—JURISDICTION.
   The right of appeal is a statutory one, and unless the mandatory provisions of the statute are complied with, the court has no jurisdiction to entertain the appeal.

2. SAME—POLICE COURT OF DETROIT—JUSTICES OF THE PEACE.
   Under Act No. 118, § 23, Pub. Acts 1891, appeals from the police court of the city of Detroit are controlled by the general laws of this State applicable to appeals from convictions by justices of the peace to the circuit court in criminal cases.

3. SAME—RECORDER'S COURT OF DETROIT—SPECIAL APPEAL—EXTENSION OF TIME.
   In the absence of any provision in the general laws of the State or in the charter of the city of Detroit authorizing the recorder's court of said city to extend the time for appeal from the police court to said recorder's court beyond the limit of 10 days fixed in the statute (3 Comp. Laws 1915, § 15786), said court has no authority to grant leave for a special appeal after the expiration of said 10 days.

4. SAME—DISMISSAL—MANDAMUS.
   Mandamus will lie to compel the judge of the recorder's court of the city of Detroit to vacate an order granting special leave to appeal from a conviction in the police court of said city to said recorder's court after the expiration of the 10 days fixed in the statute; there being no showing that said appeal was prevented by any action or nonaction on the part of the court or its officers beyond the control of appellant.

Mandamus by Matthew H. Bishop, prosecuting attorney of Wayne county, to compel Charles T. Wilkins, recorder of the city of Detroit, to vacate an order granting a motion for an appeal. Submitted

October 7, 1919. (Calendar No. 28,858.) Writ granted November 5, 1919.

*Matthew H. Bishop*, in *pro. per.*, and *Joseph A. Popiel*, Assistant Prosecuting Attorney, for plaintiff.

*Stewart Hanley*, for defendant.

STEERE, J. This proceeding was instituted by the prosecuting attorney of Wayne county, to test the jurisdiction of the recorder's court of the city of Detroit to entertain and grant a motion for special leave to appeal from a judgment in the police court of that city after the statutory limit for appeal had expired.

On May 3, 1919, one Robert West was complained against in the police court of the city of Detroit for a misdemeanor, arrested on a warrant duly issued, convicted and sentenced to the Detroit house of correction for a period of 90 days. After the expiration of the statutory period for appeal he made application by his attorney to the recorder's court of Detroit for special leave to appeal his case to that court, which was granted on May 17, 1919, and he set at liberty under a recognizance in the sum of $200 for his appearance at the ensuing term of said court. A motion by the prosecuting attorney requesting that court to vacate the order was denied, and on application to this court for a writ of mandamus an order was issued to show cause why the same should not be granted.

Defendant's answer to such order admits the proceedings as alleged in plaintiff's petition, and further returns that defendant found said Robert West was "prevented by reasons and circumstances not under his control from consulting with an attorney and from taking steps to appeal within the 10 days allowed by statute," for which reason the discretion of the court was exercised in his favor. So far as the record discloses the showing made before the recorder's court for

leave to appeal after the expiration of the statutory period consisted of two affidavits, one by West himself stating that he had only been in Detroit a few days when arrested, that the charge preferred against him was not true, that he was tried, convicted and sentenced to the Detroit house of correction, without opportunity to consult an attorney and make arrangements to appeal his case until May 14, 1919. The other affidavit is made by his attorney who states that he has investigated the case, believes "that the conviction aforesaid is a travesty and unjust," and that the respondent is able to prove he is not guilty of the charges made against him.

Plaintiff contends that the recorder's court of Detroit is given no authority by public act or charter to entertain a motion for special leave to appeal, and is therefore without jurisdiction to enlarge the time therefor beyond that fixed by statute. Counsel for defendant, appointed by an order of the recorder's court as *amicus curiæ*, urged that the right of appeal, having been given by statute a liberal but permissible construction to effect its just administration, implies a degree of discretionary jurisdiction vested in the appellate court to extend the specified time therefor in exceptional cases, on a proper showing of circumstances which rendered it impossible for the applicant to act within the statutory time given.

Of the police and recorder's courts in the city of Detroit it is sufficient to state that they are relatively analogous to the justice and circuit courts of the State. With reference to appeals from the Detroit police court, Act No. 118, Pub. Acts 1891 (amending section 23 of Act No. 161, Pub. Acts 1885 establishing said police court), provides:

"SEC. 23. In all cases determined in said police court an appeal may be taken to the recorder's court of the city of Detroit in the same time and manner and with

same effect as prescribed by the general laws of this State for appeals from convictions by justices of the peace within this State to the circuit court in criminal cases."

So far as material to the question involved, the general laws of the State relative to appeals from convictions by justices of the peace in criminal cases provide:

"SEC. 18. The person so charged with, and convicted by any such justice of the peace of any such offense may appeal from the judgment of such justice of the peace to the circuit court: *Provided,* Said person shall enter into a recognizance to the people of the State of Michigan in a sum not less than fifty nor more than five hundred dollars, within ten days after the rendition of the judgment, with one or more sufficient sureties, conditioned," etc. 3 Comp. Laws 1915, § 15786.

No provision is found either in the general laws of this State or the charter of the city which authorizes the recorder's court of Detroit to extend the time for appeal beyond the limit of 10 days definitely fixed by this statute, or to at any time entertain a motion for special leave for appeal. Nor is there in the first instance any constitutional or inherent right of appeal from a judgment in an inferior to an appellate court for review, or to a court of superior jurisdiction for the purpose of securing a retrial on the merits of a case; neither has the judicial department of government any power to grant that right, or privilege, except as authorized by the legislative department. The legislature may delegate discretionary control of appeals to the courts and can take it from them when previously granted, an unquestioned power recently demonstrated in this State. The right to appeal is and always has been purely statutory and does not exist at common law. Acting upon its own views of expediency the legislature can decide and dictate by

statute to what extent and under what restrictions the right to appeal shall exist. It may deny that right, or grant it with limitations and conditions as to amount involved, time for taking, bonds required, and such other statutory regulations as it deems desirable. That it is a jurisdictional necessity for the courts to comply with the procedure and time limit prescribed by statute is generally recognized:

"The procedure necessary to perfect an appeal is usually the subject of statutory regulation, and there must be at least a substantial compliance with the requirements, otherwise no jurisdiction is secured by the appellate court, and the court cannot dispense with any of the prescribed requirements." 2 R. C. L. p. 100.

"The legislature has general power to prescribe the time within which writs of error may be sued out or appeals taken, and it is essential to the jurisdiction of the appellate court that the proceeding be taken within the time limited, and the trial court has no inherent power to extend the time, either directly or indirectly. Thus, where an appeal has not been taken within the required time, the court has no power indirectly to extend the time for appealing by vacating, for such purpose, the judgment, order or decree, and entering it as of later date. The power to extend the time to appeal may, of course, be given by statute." 2 R. C. L. p. 104.

Along the same line it was said in *Sullivan* v. *Haug,* 82 Mich. 548 (10 L. R. A. 263):

"Acting upon its own views of expediency, the legislature organized and established the police court of the city of Detroit, and gave it jurisdiction over certain offenses, including the one for which relator was convicted. The legislature deemed it expedient to provide for an appeal to the recorder's court in certain cases, and not in certain others when the punishment inflicted was small. * * * The right to an appeal is and always has been statutory, and does not exist at common law. It is a remedy which the legislature may in its discretion grant or take away, and it may

prescribe in what cases, and under what circumstances, and from what courts, appeals may be taken; and unless the statute expressly or by plain implication provides for an appeal from a judgment of a court of inferior jurisdiction, none can be taken. (Citing numerous decisions.)

"The decisions of this court with reference to appeals in chancery and other cases are in point."

It is urged for defendant that the *Sullivan Case, Renaud* v. *State Court of Mediation,* 124 Mich. 648 (51 L. R. A. 458), *Van Leuven* v. *Ingham Circuit Judge,* 166 Mich. 115, and other cases of similar import are not applicable here as in those cases no right of appeal had been conferred, and they merely decide that, in the absence of express statutory authority, no constitutional right to appeal exists; while in the instant case a statutory right of appeal had been conferred, which decisions of this court have in effect construed as giving to the appellate court a discretion to permit appeal after expiration of the statutory limitation of time, in cases similar to the present where the applicant has been precluded by circumstances beyond his control from acting within the prescribed time. In support of this contention counsel cite *Dickinson* v. *Simondson,* 25 Mich. 113; *Cameron* v. *Calkins,* 43 Mich. 191; *Gram* v. *Wasey,* 45 Mich. 223; *Lake Shore, etc., R. Co.* v. *Chambers,* 89 Mich. 5; *City of Kalamazoo* v. *Power Co.,* 122 Mich. 489, and *Duell* v. *Oakland Circuit Judge,* 206 Mich. 680.

That the scope of *Sullivan* v. *Haug, supra,* is not limited to those cases where no right of appeal exists is manifest from preceding cases cited in it and subsequent decisions in which it is cited. Of the numerous authorities cited in the *Sullivan Case* to sustain what is there stated as a rule of general application, the earliest Michigan case is *Weed* v. *Lyon,* Walk. Ch. 77, in which there was a statutory right of appeal, and it was held that where a party failed to

comply with the statutory requirements within the prescribed time the court could not reinstate his lost right by a re-entry of the decree to enable him to appeal.

In *Waterman* v. *Bailey,* 111 Mich. 571, which cites the *Sullivan Case* with approval, it is held that this court has no jurisdiction to entertain an appeal where settlement of the case has been delayed until expiration of the statutory limitations therefor, including discretionary extensions permitted by the statute, when the delay is not the fault of the circuit court or any of its officers, and that jurisdiction to take cognizance could not even be conferred by waiver or express consent of the parties. The following quotation from 2 Enc. Pl. & Prac. p. 16, is there said to be "the doctrine of this court":

"It follows, therefore, that all the requirements of the statute for taking and perfecting an appeal are deemed jurisdictional, and must be strictly complied with."

The case is illuminating, not only in its generally concise and distinct discussion of this question with citation of authorities but from the fact counsel there urged, as here, that *Cameron* v. *Calkins, Gram* v. *Wasey, Lake Shore, etc., R. Co.* v. *Chambers, supra,* were inconsistent with the proposition that statutory requisites are necessary to confer jurisdiction, and it is said of them:

"These were cases in which the court refused to dismiss proceedings, where, owing to some default of the court or its officers, parties were prevented from taking appeals seasonably; and the opinions seem to make such cases exceptional."

In *Perkins* v. *Perkins,* 173 Mich. 690, is again noted as an exception to the general rule a class of cases in which this court has refused to dismiss appeals because the parties without fault on their part were

prevented from perfecting the same by some action or nonaction of the court or its officers; but the general rule is reiterated and it is held that even though the delays were by consent of both parties and for mutual benefit, neither the trial court nor the consenting parties can confer jurisdiction on the appellate court after expiration of the maximum statutory time limit, it being said in part:

"Having the power to permit or refuse appeals to be taken, the legislature has the power to prescribe the conditions which shall attend and control the taking of such appeals. The legislature has not qualified or limited an existing right, but has created a right, to be exercised within a prescribed period of time, in a prescribed manner. Whether an appeal should be allowed in this cause is not a question of discretion of the court, but one of compliance with the conditions which the legislature has prescribed for taking such appeals. * * * We hold, in conformity with repeated decisions of the court, that the statute fixes a time within which appeals in chancery must be perfected, and that a party desiring to appeal must within that time perfect his appeal; for the failure to do which, the right to appeal is lost and cannot be restored by the court."

In *Munroe, Boyce & Co.* v. *Ward, ante,* 378, it is again said, with citation of recent decisions:

"The right of appeal is a statutory one, and unless the mandatory provisions of the statute are complied with the court has no jurisdiction to entertain the appeal."

The cases cited for defendant in support of the contention that the appellate court may, and this court does, in its discretion assume jurisdiction on a meritorious application to appeal after expiration of the statutory time therefor, do not imply or purport to be authorized by any inherent discretionary power to that end. Those decisions are based upon the not unusual nor unreasonable legal proposition that the pre-

scribed time in which a litigant is authorized to act does not in contemplation of law run against the party without fault or want of diligence on his part during such time as his power to act is suspended, or his efforts to do that which the law authorizes and requires him to do are blocked, by some act or nonaction of the court itself or its officers entirely beyond his control.

It is not shown by this record or claimed that West made known to the court in which he was convicted a desire to appeal, asked for or was refused permission to consult counsel, or was denied any right to which a party in custody accused of a criminal offense is entitled. In proposing and arguing from a suppositious case counsel for respondent frankly states, "We do not, of course, mean that in this record there is any showing that either the police department of the city of Detroit or the officials of the house of correction deliberately planned to deprive defendant of his right to appeal," and the record is barren of any showing that he was prevented from so doing through any default of the court or its officers.

Under the authorities cited and others to which they lead, we are of opinion that the recorder's court was without jurisdiction to entertain or grant the motion for special leave to take a belated appeal.

The writ asked by plaintiff may issue.

BIRD, C. J., and SHARPE, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.