## Melton v. Commonwealth.

(Decided May 15, 1923.)

### Appeal from Graves Circuit Court.

1.   Criminal Law—Police Court Judgment Not Reviewed on Appeal from Dismissal of Appeal to Circuit Court.—On appeal to the Court of Appeals from a judgment of the circuit court dismissing an appeal from a conviction in the police court for a crime, the Court of Appeals is not concerned with the propriety of the judgment rendered by the police court, but only with the question whether the appeal to the circuit court was properly dismissed.

2.   Criminal Law—Appeal from Police Court to Circuit Court Held Properly Dismissed for Delay.—Under Criminal Code of Practice, section 369, providing that no appeal shall be taken from a judgment of a police court after 60 days from the rendition thereof, an appeal to the circuit court from a conviction for crime was properly dismissed, where the judgment of the police court was rendered on December 1, 1922, and the appeal to the circuit court was taken on February 16, 1923.

HESTER, SEAY & HESTER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant was convicted in the police court of Mayfield on a charge of having intoxicating liquor in her possession for sale for beverage purposes, the liquor being described in the warrant as "tincture of ginger, containing more than 90 per cent. alcohol, and being intoxi-

cating." Thereafter, an appeal which she prosecuted to the Graves circuit court was dismissed, and from that judgment this appeal is prosecuted.

Appellant attacks the judgment of the police court on the ground that under the statutes and the ruling of this court in Howard v. Commonwealth, 197 Ky. 297, 247 S. W. 10, there is no such offense as having Jamaica ginger in one's possession for the purpose of sale, but that the only offense is knowingly to sell such article for beverage purposes, or to sell same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use it for such purposes. We are not concerned with the propriety of the judgment rendered by the police court. The only question before us is whether the appeal to the circuit court was properly dismissed. The Code provides that no appeal shall be taken from a judgment of a county judge, or of a city, police or justice's court, after sixty days from the rendition thereof. Section 369, Criminal Code. The judgment of the police court was rendered on December 1, 1922. The appeal to the circuit court was taken on February 16, 1923, or more than sixty days after the rendition of the judgment. As the circuit court was without jurisdiction to entertain the appeal, it follows that the appeal was properly dismissed.

Judgment affirmed.