WILLIAM L. HINES, *Plaintiff in Error,* v. R. H. NOEL, as Chief of Police of the City of St. Petersburg, *Defendant in Error.*

149 So. 17.

Division A.

Opinion filed June 10, 1933.

*Lambdin & Ramseur,* for Plaintiff in Error;

*Lewis T. Wray,* for Defendant in Error.

TERRELL, J.—Plaintiff in error was tried in the Municipal Court of the City of St. Petersburg; was found guilty and sentenced to pay a fine of One Hundred ($100.00) Dollars and to confinement in the city jail for ninety days. He gave notice of his intention to appeal to the Circuit Court and asked that a supersedeas bond be fixed. An order was made by the municipal court fixing his bond at Five Hundred ($500.00) Dollars which was immediately posted with the Circuit Court and the defendant discharged. Seventy-eight days later he was re-arrested and taken into custody by the respondent. On petition to the Circuit Court writ of habeas corpus was granted which was quashed on hearing and the

petitioner remanded to the custody of respondent. To the latter judgment of the Circuit Court this writ of error was taken.

The first question presented for our consideration is whether a judgment and conviction of a municipal court must be reviewed by appeal or writ of error.

This Court has held that in the litigation of a cause the right of appellate review is not a natural, unqualified or absolute right but that it is a right created by law and being so it must be acquired in the manner directed. Reed v. State 94 Fla. 32, 113 So. 630. Chapter 4024, Acts of 1891, originally provided that anyone convicted in a municipal or recorder's court might have his cause reviewed by appeal to the Circuit Court. State v. Wills, 49 Fla. 380, 38 So. 289. The law continued in this state till 1906, when the General Statutes was adopted and went into effect. In this revision Chapter 4021, Acts of 1891 was carried as Section 4052, but the revisors struck out the right of review by appeal and inserted in lieu thereof the right of review by writ of error. This revision was carried in the Compiled Laws of 1914, Section 4052, the Revised General Statutes of 1920, Section 6156 and in the Compiled General Laws of 1927, Section 8470. In this situation a writ of error would now seem to be the only means of reviewing a judgment of a municipal or recorder's court.

The second question presented for our consideration is whether or not the sufficiency of the supersedeas can be questioned by the court from which appeal was taken after the required bond has been given and posted with the appellate court.

The record discloses that no proceedings were had in the cause except the motion and order fixing the supersedeas bond and the approval of said bond both of which took place June 30th, 1932. This was not sufficient to lodge

jurisdiction in the Circuit Court. A bill of exceptions was filed July 21st, 1932. The petition for habeas corpus shows that relator was re-arrested seventy-eight days after he filed his supersedeas bond, the re-arrest being for failure to perfect his appellate proceedings and to effect the judgment of the municipal court. Even if he had had a right of review by appeal his right was forfeited by his failure to diligently pursue that right as the law directs. Since we hold that his right of review was by writ of error which had to be sued out within thirty days and not having been done no jurisdiction was vested in the Circuit Court. State v. Mitchell, 29 Fla. 302, 10 So. 746.

For the reasons announced in this opinion the judgment below is affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, BROWN and BUFORD, concur.