[No. 28045. *En Banc.* November 13, 1940.]

THE CITY OF SEATTLE, *Respondent,* v. PAUL E. REED, *Appellant.*[1]

*James R. Chambers,* for appellant.

*A. C. Van Soelen, George T. McGillivray,* and *Tom M. Alderson,* for respondent.

BLAKE, C. J.—February 6, 1940, defendant was convicted in the police court of the city of Seattle of the violation of a city ordinance. February 10th, he gave notice of appeal and posted a bail bond in the amount

[1]Reported in 107 P. (2d) 239.

of $150. March 8th, his counsel went to the police court and requested the clerk to furnish a transcript of the proceedings had there for filing in the superior court. The clerk refused, advising defendant's counsel that the bail bond had been forfeited. Subsequently, the order forfeiting the bond was vacated and a transcript was prepared, which was filed in the superior court March 27, 1940. Counsel for the city interposed a motion to dismiss the appeal on the ground that the transcript of the proceedings in the police court was not filed "within thirty (30) days from the date of entry of judgment," as required by Laws of 1937, chapter 79, p. 333, § 1 (Rem. Rev. Stat. (Sup.), § 8993-1 [P. C. § 9475-21]). Deeming that, in view of the provisions of § 2 of the act (Rem. Rev. Stat. (Sup.), § 8993-2 [P. C. § 9475-22]), it had no discretion in passing on the motion, the trial court entered an order dismissing the appeal. From that order, defendant has appealed to this court.

The sole question presented is whether the following provision of Laws of 1937, chapter 79, p. 334, § 2 (Rem. Rev. Stat. (Sup.), § 8993-2), is mandatory; for the trial court indicated that, if it were vested with discretion in the matter, it would have denied the motion. And we think the trial court, upon the showing made, would have been warranted in so ruling if it were a discretionary matter. The portion of § 2 (Rem. Rev. Stat. (Sup.), § 8993-2) referred to provides:

"If appellant shall fail to proceed with the appeal *within the time and manner herein provided, the superior court shall upon the motion of the city dismiss the appeal . . .*" (Italics ours.)

That appellant failed to proceed with the appeal *within the time and manner* provided in § 1 (Rem. Rev. Stat. (Sup.), § 8993-1), is not disputed. That section, in so far as relevant to the issue here, provides:

"After notice of appeal is given as herein required, appellant shall diligently prosecute his appeal, *and within thirty (30) days from the date of entry of judgment* shall file with the clerk of the superior court a transcript duly certified by the police judge, . . ." (Italics ours.)

That the above quoted provisions of the statute are mandatory in form, is, of course, not to be questioned. But appellant points to many statutes carrying the mandatory form "shall" which have been held to be directory—"shall" being construed as "may." It will serve no useful purpose to review these various statutes and the decisions relied on by appellant in urging that the court should so construe the above quoted provisions of Laws of 1937, chapter 79, p. 333. For, whether "shall," as used in any statute, carries a mandatory or merely a directory implication, is to be determined by the legislative intent. In determining the legislative intent, the court will take into consideration previous legislation upon the statutory subject and such facts, of which it may take judicial notice, that may have prompted the legislature in enacting the statute.

Prior to the enactment of Laws of 1937, chapter 79, p. 333, appeals to the superior courts from judgments of police courts were governed by Rem. Rev. Stat., § 8993 [P. C. § 9475] (Laws of 1923, chapter 182, p. 609), which provided merely:

"All civil or criminal proceedings before such police judge and judgment rendered by him shall be subject to review in the superior court of the proper county by writ of review or appeal."

It is to be observed that that section prescribes no form of procedure for taking appeals. Nor, the appeal having been taken, does it impose any burden on the appellant for bringing the case on for trial in the superior court. This lack of a prescribed form of pro-

cedure, with no obligation on the part of the appellant to bring his case up for trial in the superior court, led to excessive delay in the final disposition of such appeals.

It was doubtless the purpose of the legislature, in enacting Laws of 1937, chapter 79, p. 333, to correct these defects in procedure and practice and to bring about a speedy determination in the superior courts of cases appealed from the police courts. In furtherance of such purpose, it is provided not only that the appellant shall file a transcript in the superior court within thirty days from the date of entry of judgment in the police court, but that, "within ten (10) days after the transcript is filed, *appellant shall note the case for trial.*" Laws of 1937, chapter 79, p. 333, § 1 (Rem. Rev. Stat. (Sup.), § 8993-1). (Italics ours.)

Taking the act as a whole, it seems clear to us that the legislature intended the procedural steps prescribed to be mandatory. Consequently, under § 2 the court had no alternative but to grant the city's motion to dismiss the appeal because of appellant's failure to file in the superior court a transcript of the proceedings had in the police court "within thirty (30) days from the date of entry of judgment."

Our conclusion finds support in a number of decisions from other jurisdictions: *State v. Wainer,* 31 Del. 512, 115 Atl. 772; *Rayville v. Long,* 136 La. 1089, 68 So. 135; *Bend v. Allen,* 141 Ore. 329, 18 P. (2d) 215; *Commonwealth v. Plasey,* 11 Penn. District & County 367; *Melton v. Commonwealth,* 200 Ky. 102, 252 S. W. 115; *Bishop v. Judge of Recorder's Court,* 207 Mich. 537, 174 N. W. 602; *Hines v. Noel,* 110 Fla. 457, 149 So. 17.

The order entered by the superior court dismissing appellant's appeal from the police court is affirmed.

ALL CONCUR.